### THORN v. HALL.

(Supreme Court, Appellate Division, Second Department. December 1, 1896.)

WILLS—EXTENDING TIME TO PAY DEBTS.

A provision in a will that suit should not be brought by the executor within two years from testatrix's death on debts due from her "friends" is in the nature of a bequest;' and any one claiming under the provision must show that he was one of the beneficiaries intended by the testatrix, and that the condition of the estate is such that the bequest is without prejudice to the rights of creditors.

Appeal from trial term, Orange county.

Action by Townsend Thorn, executor of the will of Mary A. Smith, deceased, against Henry Hall, Jr., for money loaned by the testatrix, in her lifetime, to defendant. From a judgment entered on the decision of the court on a trial without a jury, defendant appeals. Affirmed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

George E. Miner, for appellant.
John J. Beattie, for respondent.

BROWN, P. J. This action was brought by the plaintiff, as the executor of the last will and testament of Mary A. Smith, deceased, to recover the sum of $1,150.27, alleged to have been loaned by the testatrix in her lifetime to the defendant. By the answer, the making of the loan was denied; and, for a separate defense, it was alleged: That, by the last will and testament of the said testatrix, it was provided as follows: "And whereas, I now hold obligations against certain of my friends, I direct my executor not to urge the payment of any such obligations before the space of two full years from the date of my decease." That, during the lifetime of said testatrix, the defendant was her friend; and that two years had not elapsed since her decease; and that, consequently, the plaintiff was without

power or authority to maintain this action. The said Mary A. Smith died in the month of November, 1894, and this action was commenced in the month of May following. It appears from the testimony that the defendant was a manufacturer at Highland Mills, in Orange county, and also kept there a general country store; that the said testatrix was in his employ for several years; and the defendant testified that their relations were friendly up to the time of her death. The provision quoted from the will was in the nature of a legacy to such persons as should come within its terms, and were within the contemplation and intent of the testatrix. She could, of course, have surrendered to any of her creditors the whole or any part of a debt due to her, and she could likewise fix the terms upon which alone her executor would be permitted to enforce payment of any debt due to her estate. Such a provision is entirely legal, and is not unusual, and might, under certain circumstances, be of great value to the debtors of a deceased testator. Like all legacies and bequests, however, such a provision must be so certain and definite in its terms that the beneficiaries thereof can be identified; and, unless it can be ascertained who are entitled as legatees, the provision cannot be enforced. In the testimony before us, there is nothing to indicate whom the testatrix intended by the use of the term "my friends." The will was drawn by Mr. Benjamin Hazard, who was sworn as a witness on the trial in behalf of the defendant. In relation to the clause of the will under consideration, he testified as follows:

"The Court: There is a provision in the will about some obligations that she held against some of her friends. Did she make you understand what that was about? A. Yes, sir. Q. What was that? A. There seemed to be a little hesitancy about mentioning names, and I said, 'I guess it ain't particular.' 'Certain of my friends,' I thought, would cover the whole ground. She didn't want them distressed. She did not name any of them. I did not understand from anything that she said who she meant, in particular or in general. She did not say as to the nature of the indebtedness. I don't think as to whether it was note, loan, or how. She said there were persons or a person indebted to her, but I couldn't understand who it was, or the amount. I didn't like to inquire. She didn't tell me. I only thought that would cover the ground. I don't remember that she said anything particular that led me to draw that provision of the will about the two years' waiting; only I thought from the conversation we held — I told her there must be some definite time. I don't remember whether she named the two years or some of the family. Others were talking; lots of them. There seemed to be a general universal acceptation of everything that was said, and, in the end, she accepted and ratified everything that was done; said that will cover the whole ground. No one interrupted her, or suggested what should go in the will."

The burden of proving that he was included within the provision of the will quoted rested upon the defendant. It was not sufficient for him to show that he was upon friendly terms with the testatrix during her lifetime, but it was necessary for him to prove that she included him among "her friends," and intended him as the beneficiary under her will. She did not intend to extend the time of payment of all debts due to her estate, but only of those due to her from "friends" for which she held "obligations." The use of the word "obligations" seems to contemplate a written instrument, like a note or bond. In this case there was nothing of that character, and we think the defendant failed to show that he fell within the provision of the will.

Again, a testamentary provision of the character of that under consideration must be interpreted and enforced with reference to the condition of the estate of the testator. The executor is a trustee for the creditors, as well as for the legatees. While the latter are entitled to have such provision strictly enforced for their benefit, their rights are subject to the rights of creditors, and the latter are entitled to have their debts paid in due course of administration. Hence we think it was not only necessary for the defendant to prove that he was one of the beneficiaries intended by the testatrix, but it was also incumbent upon him to give some testimony as to the debts and assets of the estate, from which it could be determined that the condition of the estate was such as to permit the executor to extend the payment of the debt for two years, without prejudice to the rights of creditors. No testimony of this character was offered. We have examined the exceptions in the case, but none of them are well taken.

The judgment must be affirmed, with costs. All concur.