(20 Misc. Rep. 590.)

### CONYNGHAM v. SHIEL.

(Supreme Court, Appellate Term. July 1, 1897.)

1. COUNTERCLAIM—ACTION ON CONTRACT.

A claim by a society against its treasurer, for moneys collected by him and not accounted for, is not necessarily a claim for conversion, but may be for a debt, and can accordingly be counterclaimed in an action on contract brought by the debtor against the society.

2. APPEAL—OBJECTION NOT RAISED BELOW.

The question of the admissibility of a counterclaim cannot be raised for the first time upon appeal, when the counterclaim was one of which the trial court would have had jurisdiction if it had been the subject of an independent action, and the parties have litigated it without objection.

Appeal from Tenth district court.

Action by Michael Conyngham against Gerald N. V. Shiel, treasurer of Court Nathan Hale, No. 300, Foresters of America. From a judgment in favor of plaintiff allowing a counterclaim of defendant, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Lyman W. Redington, for appellant.
Thomas F. Byrne, for respondent.

DALY, P. J. A claim by a society against its treasurer for moneys collected and retained by him, and not accounted for, is not necessarily a claim for conversion, but may be for a debt, for the aggrieved party could waive the tort, and treat the transaction as one in contract. Segeken v. Meyer, 94 N. Y. 473, and cases cited. The debt, therefore, could be counterclaimed in an action on contract brought by the debtor against the society. The fact that the money was received by the treasurer in a fiduciary capacity, and that, under the provisions of law, he might be held liable to arrest for refusing to account for and pay it over (Consol. Act, § 1304, subd. 2), does not make the claim one for a tort, nor alter the contract nature of his liability. He is an agent of the society, and his relations with it are fiduciary, and subject him to certain stringent provisions of law for the enforcement of his duty; but his obligation arises upon contract, as distinguished from a liability for damages for the commission of a wrong.

The question of the admissibility of the counterclaim in this action was not raised upon the trial before the justice, and he decided the issues before him upon the merits. There was a conflict of evidence as to whether the plaintiff, as treasurer of the defendant, had received the amount of money demanded in the counterclaim, and the justice found it in favor of the defendant. The judgment is questioned solely on the ground that the counterclaim was not authorized in an action on contract, the plaintiff having sued for rent. This contention we have disposed of; but we think it proper to notice the appellant's contention that he can raise for the first time upon appeal the question of the admissibility of the counterclaim. No authority can be found for the proposition, where the counterclaim is one of which the justice would have had jurisdiction, if it had been the subject of an independent action. If the parties consent to litigate a claim of which he would have jurisdiction, no objection can be urged to his judgment on the ground that the issues were not within the pleadings (Wells v. Association, 120 N. Y. 630, 24 N. E. 276), much less on the ground that, though pleaded, the pleading was open to some legal objection. Judgment affirmed, with costs. All concur.