## RANKEN v. PROBEY.

(Supreme Court, Appellate Division, Third Department. December 30, 1909.)

1. PLEADING (§ 36*)—ADMISSIONS OF FACT—EFFECT—AMENDED PLEADINGS.

An admission in a pleading does not lose its effect as an admission, though the pleading has been superseded by amendment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 86; Dec. Dig. § 36.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PLEADING (§ 36*)—ADMISSIONS MADE WITHOUT PARTY'S KNOWLEDGE—CON-
CLUSIVENESS.
 Where an answer contained an admission of fact, the defendant was
 prima facie charged with it; but, where it appeared that the admission
 was made without his knowledge or authority and without any infor-
 mation which justified it, it was prejudicial error to reject evidence of
 defendant's attorney that he made it merely as a matter of form, without
 any information that the admission was true, but simply to raise a legal
 question which he felt must dispose of the case.
 [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 82–84; Dec.
 Dig. § 36.*]

Appeal from Trial Term, Rensselaer County.

Action by William Ranken against T. O. Probey, as President, etc.
Judgment for plaintiff, and defendant appeals. Reversed, and new
trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCH-
RANE, and SEWELL, JJ.

Peck & Behan (John T. Norton, of counsel), for appellant.
H. P. Humphrey, for respondent.

JOHN M. KELLOGG, J. The first amended complaint in this ac-
tion was dismissed at the trial upon the ground that it did not state
facts sufficient to constitute a cause of action. The judgment on such
dismissal was reversed by this court in 131 App. Div. 328, 115 N.
Y. Supp. 832; the court holding that the amended complaint fore-
shadowed that the plaintiff was organized for pecuniary profit, and if
such facts were proved upon the trial the action could be maintained
against the president of the association. Upon this trial the plaintiff
failed to prove that the association was formed for the pecuniary
profit of its members, and did not show that the members were jointly
and severally liable for the indebtedness, as required by McCabe v.
Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204, and the
former decision in this case. But a verdict was directed for the plain-
tiff upon the theory that an admission in the original answer was proof
sufficient to establish those facts and to bring the case within the pro-
visions of section 1919 of the Code of Civil Procedure.

To understand the admission in the answer, we must read the com-
plaint which it answered. It alleged: That the National Carriage
Dealers' Protective Association was an unincorporated association of
more than seven members; that the defendant is its president; that
the plaintiff had performed services as secretary for the association at
$50 a year; that the defendant is justly indebted to him for his salary
and services as such secretary in the sum of $400, which he had de-
manded, and which had not been paid; and that while acting as secre-
tary he had incurred certain expenses incident to the conduct of his
office, for stamps, stationery, desk, stenographer, and other office sun-
dries to the amount of $100, which sum is justly due and owing plain-
tiff by defendant, and demanded judgment for $500 and interest. The
answer admitted that the association was unincorporated and consisted
of more than seven members, that the defendant was its president, that

the plaintiff was secretary at $50 per year, and that the association is indebted to him in the sum of $400 for eight years' salary as such secretary, and denies knowledge or information sufficient to form a belief as to the other allegations of the complaint.

An admission of a fact in an original pleading does not lose its effect as an admission of fact because the pleading has been superseded as such by an amended pleading.  It stands simply as an admission made by the party.  But that does not help the plaintiff.  The original complaint does not allege that the association was formed for pecuniary profit, and does not allege any liability existing against the members individually, and therefore, giving it all the force which can be claimed, it does not authorize the judgment.  The original answer, however, was interposed by the defendant's attorney.  The defendant had no knowledge of its contents, and the attorney upon the stand offered to show the facts and circumstances under which the admission was made, and that he made it merely as a matter of form without any information that the admission was true, but simply to raise a legal question which he felt must dispose of the case.  The fact that the admission was made without the knowledge of the defendant weakens its force, and, if the attorney who made it had been permitted to explain the circumstances and reasons therefor, it might have destroyed its force as evidence to prove an admission by the defendant.  The fact that the answer interposed in the case contains an admission is sufficient prima facie to charge the defendant with it; but, if it appears that the defendant had no knowledge of the admission that it was made without his authority and without any information which justified it, it is substantially deprived of value.  The rejection of this evidence was prejudicial error.

For these reasons, the judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.