CARROLL v. SHARP et al.

(Supreme Court, Special Term, Niagara County. April, 1910.)

1. FACTORS (§ 38*)—VIOLATION OF INSTRUCTIONS—REMEDY.

Where a commission merchant sells in violation of his principal's instructions, the latter may treat him as a tort-feasor.

[Ed. Note.—For other cases, see Factors, Cent. Dig. § 41; Dec. Dig. § 38.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. ACTION (§ 27*)—COUNTERCLAIM—CONTRACT OR TORT—CONSTRUCTION OF PLEADING.

Where, even on the facts alleged, a cause of action in tort might be read into the pleading, every intendment is in favor of construing the counterclaim as being in contract.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 27.*]

3. SET-OFF AND COUNTERCLAIM (§ 14*)—WAIVER.

Where tort is waived, the debt may be counterclaimed in an action on contract.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 16; Dec. Dig. § 14.*]

4. FACTORS (§ 43*)—BREACH OF INSTRUCTIONS—DAMAGES.

In an action by factors on notes given by a customer, where the latter counterclaims for damages through breach of instructions, the rule of damages is the same whether the cause of action be for a breach of contract or for a mere violation of duty.

[Ed. Note.—For other cases, see Factors, Cent. Dig. § 57; Dec. Dig. § 43.*]

5. SET-OFF AND COUNTERCLAIM (§ 44*)—JOINT LIABILITIES.

The joint liability of firms whereof plaintiff was formerly a member cannot be set off against defendant's debt to plaintiff.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig. § 44.*]

6. PARTNERSHIP (§ 296*)—DISSOLUTION—PROCEEDINGS BY FIRM CREDITORS.

Where, on dissolution of a partnership, one of the partners succeeds to the assets and assumes the liabilities, a firm creditor, having notice of the arrangement, must proceed against such partner as the principal debtor.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 666; Dec. Dig. § 296.*]

7. PLEADING (§ 192*)—DEMURRER—INDEFINITENESS—REMEDY—"OBLIGATIONS."

In an action on notes, defendant interposed a counterclaim for damages through violation of instructions by plaintiff's former firms as factors, alleging that plaintiff assumed and agreed to pay the "obligations" of such firms. *Held*, that while the word "obligations" has been limited on the one hand to sealed instruments of a certain kind only and extended on the other to include all legal duties, though as commonly used it implies no more than a cause of action evidenced by a writing, and would not extend to an unliquidated liability sounding in tort, it would on demurrer be assumed that the pleader used the word in its larger sense, and the remedy for indefiniteness being by motion under Code Civ. Proc. § 546, the counterclaim would be held to state a cause of action on contract.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 409; Dec. Dig. § 192.*

For other definitions, see Words and Phrases, vol. 6, pp. 4878–4883; vol. 8, p. 7735.]

Action by J. Pratt Carroll against Clara A. Sharp and another. Demurrer to defendants' counterclaims overruled.

David Tice, for demurrer.
Burt G. Stockwell, opposed.

POUND, J. Plaintiff brings this action to recover $2,989, with interest and protest fees, on four past-due promissory notes made payable to his order by the defendants in their copartnership name in the year 1909. Defendants have served an amended answer, which does

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not deny any of the allegations of the complaint, but which sets up two counterclaims thereto. The first counterclaim charges that about three years prior to the commencement of plaintiff's suit the defendants placed a quantity of fruit with plaintiff's then firm to be sold on commission, with instructions not to export any of it under any circumstances; that said firm exported the whole of said fruit contrary to such instructions, and without defendants' knowledge, whereby defendants were damaged upwards of $1,000; that plaintiff's said firm was afterwards dissolved, and plaintiff succeeded to its assets and assumed and agreed to pay and become liable for all of its obligations prior to the commencement of the action. The second counterclaim charges that about three years prior to the commencement of plaintiff's suit defendants placed with plaintiff's then firm to be sold on commission another quantity of fruit which they had in cold storage, with instructions not to remove any of it from such cold storage before a specified date, unless the market price for it had reached a stated sum; that said firm removed all of said fruit from said cold storage contrary to defendants' instructions and without defendants' knowledge prior to said date without the market price having reached the stipulated sum, and sold it, whereby defendants were damaged several thousand dollars; that plaintiff's firm was afterwards dissolved, and plaintiff succeeded to its assets and assumed and agreed to pay and become liable for its obligations prior to the commencement of this action. The defendants demand an affirmative judgment against plaintiff on their counterclaims for more than $5,000.

The plaintiff has demurred to each of said counterclaims upon the grounds (1) that said counterclaim is insufficient in law upon the face thereof; (2) that it appears upon the face of said counterclaim that it sets forth a cause of action in tort against a copartnership of which plaintiff was formerly a member, and that it did not arise out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, and is not connected with the subject of plaintiff's action; (3) that it appears upon the face of said counterclaim that it does not state facts sufficient to constitute a cause of action against the plaintiff.

The question is whether the counterclaims pleaded by defendants state causes of action on contract in favor of defendants against the plaintiff. Code Civ. Proc. § 501. The question is not whether on the facts pleaded the plaintiff could be made liable in trover as for conversion. Clearly the pleader states merely a disregard of instructions on the part of plaintiff's firms, and has not alleged in terms conversion, fraud, willful misconduct, or wrongful act, nor undertaken to treat such firms as tort-feasors, as the rule seems to permit him to do in cases where the commission merchant sells in violation of principal's instructions. Minneapolis Trust Co. v. Mather, 181 N. Y. 205, 73 N. E. 987. Even if, upon the facts alleged, a cause of action in tort might be read into the pleading, every intendment is in favor of construing the counterclaims as being in contract. Goodwin v. Griffis, 88 N. Y. 639. And, where the tort is waived, the debt may be counterclaimed in an action on contract. Conyngham v. Shiel, 20 Misc. Rep. 590, 46 N. Y. Supp. 374; Slade v. Montgomery, 53 App. Div. 343, 65 N. Y. Supp. 709.

I fail to see wherein the rule of damages applicable to this case would differ whether the cause of action be for a breach of contract or for a mere violation of duty, not fraudulent or willful. Scott v. Rogers, 31 N. Y. 676. And therefore plaintiff cannot be prejudiced on the merits by defendants' election to treat their cause of action as being in contract. Although the counterclaims state causes of action in contract against plaintiff's former firms, the joint liability of the firms cannot be set off against the debt of defendants to plaintiff. Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350. Is a several liability of plaintiff properly pleaded? If plaintiff has assumed such liabilities of his former firms as defendants set up in their answer, it seems clear that he is liable directly to defendants, and that they not only may, but must, proceed against him as the principal debtor, if they have knowledge of such an arrangement. Colgrove v. Tallman, 67 N. Y. 95, 23 Am. Rep. 90; Phillips v. Mendelsohn, 121 N. Y. Supp. 913.

Defendants allege that plaintiff assumed and agreed to pay merely the "obligations" of his former firms. The word "obligation" has been given wide and varied meanings, being limited, on one hand, to sealed instruments of a certain kind only, and extended, on the other, to include all legal duties. 29 Cyc. 1308. Giving the word the meaning now commonly assigned to it in law, it implies no more than a cause of action evidenced by a writing and would not extend to an unliquidated liability, sounding in tort. Munzinger v. United Press, 52 App. Div. at p. 341, 65 N. Y. Supp. 194; Thorn v. Hall, 10 App. Div. 412, 41 N. Y. Supp. 1054, affirmed 160 N. Y. 661, 55 N. E. 1101. But in disposing of the demurrer it is fair to assume that the pleader used the word in the wider sense. For mere faults of indefiniteness the remedy is by motion under Code Civ. Proc. § 546. Marie v. Garrison, 83 N. Y. 14.

The demurrer is overruled, with costs, but plaintiff may withdraw his demurrer and reply on payment of the costs of the demurrer.

Judgment accordingly.