LOUIS K. MAYLENDER, SR., Plaintiff, v. THE FULTON COUNTY
GAS AND ELECTRIC COMPANY, Defendant.

Supreme Court, Fulton County, March 1, 1928.

**Waters and watercourses — riparian owner — action based on alleged
interference by upper riparian owner with flow of stream — complaint
does not state cause of action — judicial notice not taken of existence
of small creek.**

The plaintiff's cause of action is based on an alleged unreasonable and unjustifiable
interference by the defendant, an upper riparian owner, with the natural flow
of a stream passing through plaintiff's premises.    While the plaintiff by its
amended complaint seeks to have the inference drawn that the defendant has
constructed a dam that is not on its own land and that, therefore, it is a trespasser
and not an upper riparian owner, there is no allegation in the complaint to that
effect.

---
* Revg. 130 Misc. 644.

While the complaint contains conclusions that the defendant is unjustifiably and unreasonably interfering with the natural flow of the stream it does not contain facts supporting such conclusions and, therefore, does not state a cause of action.

The rule of liberal construction does not obviate the necessity of stating plainly and concisely facts sufficient to constitute a cause of action.

The existence of Sprite creek cannot be judicially noticed for its existence is not generally known throughout the State. The fact that the presiding justice may know of its existence does not justify him in taking judicial notice thereof.

MOTION by defendant, pursuant to rule 106 of the Rules of Civil Practice, for judgment dismissing the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action. The original complaint was dismissed for like reasons and permission given to plead over.

*Fayette E. Moyer [Andrew J. Nellis* of counsel], for the plaintiff.

*Fred. Linus Carroll,* for the defendant.

HEFFERNAN, J. Plaintiff's action is predicated on an unreasonable and unjustifiable interference by defendant, an upper riparian owner, with the rights of plaintiff, a lower riparian owner, in and to the waters of a natural stream known as Peck creek, located in the towns of Caroga and Johnstown, Fulton county. The plaintiff, in his complaint, alleges in substance that from time immemorial the waters of this creek have flowed through the premises which he owns and that since 1916 he has been entitled to such natural flow; that about the year 1911 the Mohawk Hydro-Electric Company, since consolidated with defendant, built a large concrete dam and control works across this creek above plaintiff's lands, thereby creating a large storage reservoir and that since such consolidation defendant has and does impound, retain and control all the waters of this creek, the watershed adjacent thereto and also the waters of Sprite creek which would not naturally flow into, upon or over plaintiff's lands, and that defendant discharges the latter waters into Peck creek at its pleasure, at times in unnaturally large quantities and at other times with great diminution of the natural flow, regardless of plaintiff's rights; and also that defendant, by means of the dam, reservoir and control works, has unreasonably, unlawfully, wrongfully and regardless of the rights of the plaintiff, from the year 1916 to the present time, withheld, retained and prevented the natural flow of the waters of Peck creek to and through the lands of the plaintiff for long and frequent periods of time, and that defendant, by means of the dam, reservoir and control works, has accumulated large quantities of water and that it wrongfully discharges the waters of Sprite creek into Peck creek so that the same flow to and through the lands of plaintiff, all to plaintiff's great and irreparable damage.

Supreme Court, March, 1928.                    [Vol. 131

In the original pleading plaintiff alleged that defendant built the dam across the creek " on its lands." In the amended complaint the quoted words have been omitted and thereby plaintiff is seeking to have it inferred that defendant cannot be regarded as a riparian owner. If that is plaintiff's claim, then it was essential for him to allege that defendant's dam was erected on lands not owned by it and that it owned no lands on Peck creek which would constitute it a riparian owner and give it the rights of such an owner. There is nothing in either the original or the amended pleading to show that defendant is a trespasser or an intruder and plaintiff has shown no adverse claim to the lands upon which the dam is erected. While it is true that the original complaint is superseded as a pleading by the service of the amended complaint and is no longer binding as such, it, nevertheless, retains its character as an admission by the plaintiff and can be used in evidence against him. An admission of a fact in an original pleading does not lose its effect as such admission because the pleading has been superseded by amendment. It stands simply as an admission made by the party. (*Ranken* v. *Probey*, 136 App. Div. 134.)

It is significant that there are no allegations in the pleading that the dam, works and reservoir were not built in conformity with the fall of the land upon which the structures were erected, or that they are not adapted to the size, character and flow of the stream, or that they were improperly built or improperly operated. Neither are there any facts alleged from which such inferences can be legitimately drawn. It is not averred that the alleged diversion of the waters of Sprite creek into Peck creek have caused the latter creek to overflow and inundate plaintiff's lands, or that he was caused any legal injury thereby, or any interference with his subservient right to the use of the waters. There is no claim asserted that defendant has unlawfully interfered with the natural current of the creek so as to invade plaintiff's rights, or that it causes any waste of its waters, or that it has improperly accelerated or retarded the velocity of the stream, or that plaintiff is deprived of any legitimate use thereof heretofore exercised. In fact, there is no allegation anywhere that plaintiff has ever used the waters of this creek or that he ever intends to do so. There is no charge that defendant detains the waters wantonly, maliciously or unnecessarily. According to the allegations of this complaint it must be assumed that the dam was properly constructed. Unquestionably the defendant had an absolute right to construct a dam, reservoir and control works by which the natural flow of the stream would be withheld and detained temporarily for rightful purposes. Every riparian proprietor is entitled to the natural flow of the water of

a running stream through or along his land in its accustomed channel, undiminished in quantity and unimpaired in quality except as may be occasioned by the reasonable use of the stream by other like proprietors. He has a right to erect a dam across a stream upon his land and such machinery as the stream in its ordinary stages is adequate to propel, and if the stream in seasons of drought becomes inadequate for that purpose, he has a right to detain the water for such reasonable time as may be necessary to raise the requisite head and accumulate such a quantity as wil enable him to use the water for the purpose of his machinery. He may withdraw water from the stream and cause it to flow unnaturally through his land for agricultural, industrial or other purposes, provided he causes it, in its substantial volume, to return upon his land to the stream. If such use at times should interfere with the use of a lower riparian owner, it is *damnum absque injuria.* (40 Cyc. 559, 560; *Gould* v. *Boston Duck Co.*, 13 Gray, 442; *United P. B. Co.* v. *Iroquois P. & P. Co.*, 226 N. Y. 38.) The defendant is entitled to the first use of the water by reason of its advantageous position on the stream. (*Henderson Estate Co.* v. *Carroll Electric Co.*, 113 App. Div. 775; affd., 189 N. Y. 531.) Both parties have a right to make reasonable use of the waters of the creek. What is reasonable must necessarily depend upon all the facts and circumstances. The question of reasonable use is generally a question of fact, but whether the undisputed facts, and the necessary inferences therefrom, establish an unreasonable use is a question of law. (*Strobel* v. *Kerr Salt Co.*, 164 N. Y. 303.)

Eliminating the conclusions from this pleading, there is no allegation of any fact from which it can be said as a matter of law that the defendant's use of the waters of the stream is unreasonable. It is apparent that such facts as are set forth are entirely consistent with the defendant's rights. Nothing essential to plaintiff's cause of action can be inferred therefrom. A fact essential to a cause of action is not alleged when it is only to be inferred from other facts specifically averred which are not inconsistent with the opposite fact. (*Jacobs* v. *Monaton R. I. Corp.*, 212 N. Y. 48.) Such phrases as the defendant "unreasonably, wrongfully, unlawfully and regardless of the rights of plaintiff" withholds, retains and prevents the natural flow of the waters are not the averments of an issuable fact. Mere general allegations containing the words "unreasonably," "wrongfully" and "unlawfully" are of no value as stating a cause of action. They are merely conclusions or characterizations. Such words can have no broader effect than the allegations of the specific acts on which they rest. A pleader must allege facts and not mere conclusions. A con-

clusion without the facts upon which it is based is an immaterial averment. The pleader may not aver a legal conclusion as an equivalent for a group of separate facts from which it is an inference. When the fact to be pleaded is the result of other facts, the resultant facts only should be pleaded. A conclusion of law in a pleading is unavailable for any purpose. The distinction between a conclusion of law and a conclusion of fact is sometimes very subtle. Generally speaking, however, the narration of a transaction by stating the details according to their legal effect is an allegation of fact. A statement of a conclusion of law is a statement of a right or liability flowing from certain facts. While it is true that pleadings must be liberally construed with a view to substantial justice between the parties (Civ. Prac. Act, § 275) that only applies to matters of form and has no application to the fundamental requisites of a cause of action. The rule of liberality in the construction of pleadings was not intended to change the basic requirement that the complaint must contain a plain and concise statement of facts constituting the cause of action without unnecessary repetition. (*Stabilimento Metallurgico Ligure* v. *Joseph*, 189 App. Div. 173; *Belmont* v. *City of New York*, 191 id. 717; *Columbia Overseas Corp.* v. *B. N. Ultramarino*, 198 id. 699.)

By making this motion the defendant admitted all the facts alleged and such inferences as could be fairly drawn from them. It does not, however, as contended by plaintiff, admit any of the conclusions nor does it admit the correctness of any inference drawn by the pleader from the facts alleged. (*Greeff* v. *Equitable Life Assur. Society*, 160 N. Y. 19.) In my opinion the amended complaint, like its predecessor, is fatally defective and defendant's criticism thereof is well founded.

The learned counsel for defendant contends that the court should take judicial notice that Sprite creek does not flow into the defendant's dam, but that it actually flows into another body of water according to the United States Geological Survey map. Courts will take judicial notice of matters of such general and public notoriety that everyone within the limits of their jurisdiction may fairly be presumed to be acquainted with them. (*Brown* v. *Piper*, 91 U. S. 37:) The existence of Sprite creek cannot be judicially noticed, however. It is not of such notoriety as to be known generally to the people of the State. It is unlike the great rivers and lakes and mountain ranges which are matters of general history or public notoriety. (*People ex rel. Adsit* v. *Allen*, 42 N. Y. 378.) The fact that the presiding judge may be acquainted with this creek is not sufficient justification for noticing it judicially. There is a real but elusive line between the judge's personal knowledge

and his knowledge as a judge. Actual knowledge by the judge is not the test. Judicial knowledge is limited to what a judge may properly know in his judicial capacity and he is not authorized to make his individual knowledge of a fact, not generally or professionally known, the basis of his action. (23 C. J. 61, 62.)

It may be that plaintiff has a meritorious cause of action. If so, in the interest of justice, he ought to have one more opportunity to state it. Defendant's motion is granted, with costs, but the plaintiff may have the usual leave to plead anew.