W. T. CLIFTON AND LUCIAN CLIFTON v. DUPLIN HIGHWAY
COMMISSION ET AL.

(Filed 22 March, 1922.)

1. **Roads and Highways — Condemnation — Dwellings—Trees—Yards—
Legislation—Acts—Constitutional Law.**

Unless prohibited by the Constitution, the power of the State to appro-
priate private property to public use extends to every species of property
within its territorial jurisdiction, and where a public-local act creates a
county highway district and gives to it, broadly and without restriction,
the right to condemn private property for highway purposes, the power
so given will include dwelling-houses, trees and yards of the owners of
land lying upon the roadway, unless such power is excluded under general
or other State laws applicable.

2. **Same—General Laws—Restrictions—Statutes.**

The Public-Local Laws of 1921, ch. 447, creates the Duplin County
Highway District, giving it general powers of condemning lands for road
purposes without reservation, and the general statutes not being applica-
ble, *it is held* that the general right to condemn for the purposes desig-
nated does not exclude the dwelling, trees, or yards of the private owners,
as in other specified instances. C. S., 706, 714, 3668, 3669, 3746, and
ch. 70, Art. IV, sec. 2.

APPEAL by defendant highway commission from *Lyon, J.,* at the
January Term, 1922, of DUPLIN.

Appeal from an order dissolving a restraining order.

W. T. Clifton owns a life estate and Lucian Clifton the remainder in
certain real estate in the town of Faison, on which is situated a dwelling,
occupied by W. T. Clifton, together with shade trees and yard shrubbery.

The North Carolina Highway Commission laid out and located a
public highway extending from Warsaw northward to the Wayne County
line, passing over plaintiff's land, thence on to the Virginia line. Under
competitive bidding the State Highway Commission let the construction
of the highway at the place in question to the defendant Lacey, who has
completed a considerable part of the work. Lacey called on the State
Highway Commission to remove the building in the highway as laid out,
and the State Highway Commission called on the Duplin County High-
way Commission to remove the obstructions. The Duplin County com-
mission employed J. R. Lamb to remove them at a price to be paid by
the county commissioners. The defendants were preparing to move the
dwelling when, on application of plaintiffs, Judge Lyon issued a tempo-
rary order restraining the defendants from trespassing upon or inter-
fering with the plaintiffs' property. On the hearing the restraining
order was dissolved, and the plaintiffs appealed.

The only defendants are Lamb, Lacey, and the Duplin County Highway Commission.

*Grady & Graham for plaintiffs.*
*R. D. Johnson for defendant.*

ADAMS, J.   The Duplin County Highway Commission was created by act of the General Assembly at the regular session of 1921, and is not one of the corporations included in C. S., 1706.   Public-Local Laws 1921, ch. 447.   The provisions of section 1714 are restricted to the corporations described in section 1706, and therefore do not apply to the defendant.   In like manner sections 3668, 3669, and 3746 are applicable only to the county road commissions provided for in the chapter concerning roads and highways.   C. S., ch. 70, art. 4, part 2.   The defendant is not one of these commissions.   Whether the State Highway Commission entered into a contract with the Duplin County commission, under section 3592, does not definitely appear, and under the circumstances is immaterial.   The State Commission is not a party to the action, and as the defendants entered upon the property under the alleged authority of the Duplin County commission, the right to condemn the property of the plaintiffs must be determined by the provisions of the act under which the latter commission was created.   Public-Local Laws 1921, ch. 447.   Section 12, in part, is as follows: "That the highway commission shall have power, on petition or on their own motion, to relocate, construct, widen, or otherwise change public roads or parts thereof, and to lay out and construct new roads or parts thereof, and to lay out and construct new roads when in their judgment the same will be advantageous to public travel, and for such purposes are authorized, through their agents, to enter upon lands to make the necessary surveys.   Before doing any work or construction, apart from the surveys, the board shall give to the owner of the land over which the proposed new road or change of road may run at least five (5) days notice in writing of a time and place, when and where, the highway commission will consider the question of condemning the land.   If the landowner be a minor, or insane, such notice shall be given to him and his guardian, or, if there be no guardian, to the person with whom he is living.   If the landowner be a nonresident, or cannot be found within the county, such notice shall be mailed to his last known address and publication made in a newspaper in Duplin County, at least twenty (20) days before the hearing.   If the highway commission shall find the proposed improvement advantageous to public travel, and shall decide to condemn the land necessary for the road, they shall so declare, and enter the order of condemnation in their minutes.   Upon the question of condemnation,

the findings and order of the board shall be subject to review by appeal to Superior Court. No strip of land wider than forty (40) feet, with such additional width as may be necessary for cuts and fills, shall be so required by condemnation. Upon making the order of condemnation the highway commission shall have authority, through its agents, to immediately take possession of the land described in the order and proceed to construct the said road." The procedure for ascertaining the compensation also is set forth, but it in no way affects the right of condemnation.

It will be observed that this act contains no such limitation as is provided in the statutes hereinbefore referred to with respect to dwellings, trees, or yards. In the absence of constitutional or statutory restriction the power of the State to appropriate private property to public use extends to every species of property within its territorial jurisdiction. *Richmond R. Co. v. L. R. Co.*, 13 How., 71; *Eastern R. Co. v. Boston R. Co.*, 111 Mass., 125; 20 C. J., 587; *R. R. v. Davis*, 19 N. C., 452; *Wissler v. Power Co.*, 158 N. C., 466; Lewis on Em. Dom., sec. 411.

We are of opinion that under the circumstances of this case the defendants have a right to proceed as authorized by the Legislature, and that the order of his Honor dissolving the restraining order should be affirmed.

Judgment affirmed.