D. W. LOWMAN v. W. C. ABEE, FRANCIS GARROU AND J. G. BERRY, BOARD OF COMMISSIONERS OF LOVELADY TOWNSHIP, BURKE COUNTY, AND LOVELADY TOWNSHIP, W. C. ABEE, FRANCIS GARROU AND J. G. BERRY.

(Filed 27 January, 1926.)

**1. Condemnation—Highways—Township Statutes—Sand and Gravel from Owner's Other Lands—Actions—Trespass.**

Where a public-local act gives to a particular township the right to condemn lands for a public highway, and prescribes a method by which the damages to the owner shall be ascertained, but is silent as to the taking of top-soil, etc., for the road construction from the owner's lands outside of the right of way thus obtained, an action by the owner to recover damages for the taking of the top-soil outside of the right of way may be maintained under the general statutes on the subject. C. S., 1712. (C. S., 3668, 3748(a), vol. 3, not applicable.)

**2. Same—Commissioners—Individual Liability.**

Under the allegation in this case the individual members of a township road commission are not liable, as such, for a trespass in taking the sand and gravel from the lands of the owner adjoining a highway, when acting within the scope of their official duties.

**3. Pleadings—Demand—Recovery.**

The amount of recovery in the present action is limited to the specific sum demanded in the complaint when particularly stated, and may not be extended to that claimed in a general prayer for a larger amount.

APPEAL by defendants from *Harding, J.,* at October Term, 1924, of BURKE. Affirmed as to board, reversed as to individuals.

The plaintiff brings this action against the defendants (1) As Board of Commissioners of Lovelady Township, Burke County, and Lovelady Township, (2) W. C. Abee, Francis Garrou and J. G. Berry, individually.

Plaintiff alleges that he is a resident of Lovelady Township and owns certain lands, describing them. That defendants are residents of and

the duly elected road commissioners of Lovelady Township, under the provisions of chapter 426, Public-Local Laws 1915. That "at and during the time of the *wrong* hereinafter alleged," kept and maintained a large force of laborers, teams, etc., for the purpose of grading, laying out and changing the public roads of said township, etc.

Plaintiff further alleges:

"That during the year 1919 or fall of 1918, the said defendants entered the premises of the plaintiff above fully described and took and appropriated for said public road certain parts of the plaintiff's said land in widening and changing the said public road as aforesaid, and located and appropriated a right of way over the plaintiff's lands for the said road.

That in taking and appropriating a part of the plaintiff's said lands as aforesaid for a right of way for said road, the defendants entered his said premises with a force of hands and laborers and teams and road implements and graded the same down, and also entered other parts of plaintiff's said lands outside of the right of way so laid off over said lands as aforesaid, and took the topsoil thereof, plowing it up and hauling it away for topsoil for the said road as aforesaid.

That in the taking of topsoil from the plaintiff's said premises, his fences were cut and removed and his pasture fence destroyed and his growing crop destroyed and tramped down, and in places his cultivated fields invaded, and timber cut and removed.

That such entry by the defendants on the premises of the plaintiff as above alleged, outside of the right of way for the said road, as plaintiff is advised and verily believes, was unlawful and wrongful, being over the protest of the plaintiff and without his consent, and such entry and trespass without warrant and authority of law.

That by reason of such unlawful entry and trespass and the taking of his topsoil as aforesaid, the plaintiff has suffered great damage in the sum of $300.

Wherefore, plaintiff prays judgment for $1,000 damages, for costs and such other and further relief as to the court may seem just and the facts warrant."

Defendants admit in their answer "that in constructing the highway they used a large force and that they took certain topsoil for building said highway."

Defendants say "That all the acts done and performed by these defendants were done in the official capacity as road commissioners of Lovelady Township and that they are not individually liable therefor.

That section 4 of said chapter 426, Public-Local Laws of 1915, provides the method and the time within which landowners shall proceed to collect such damages as they may be entitled to recover for the taking

of their lands for highway purposes; that it is provided in said section of said act that all claims for damages shall be filed 'within six months from the completion of such change or new road, but not later,' and defendants allege that plaintiff failed to so file his claim for damages within six months from the completion of said change or new road; and defendants hereby specially plead said act and plaintiff's failure to file his claim within six months after the completion of said change or new road in bar of the plaintiff's recovery in this action.

Defendants are advised and believe and so allege, that the method for the recovery of damages by a landowner as prescribed in chapter 426, Public-Local Laws of 1915, aforesaid, is exclusive, and that plaintiff's remedy, if any, is that prescribed in section 4 of said act; and none other; and defendants especially plead said act and particularly section 4 thereof in bar of plaintiff's recovery in this action.

That the complaint does not state a cause of action against the defendants for that it appears upon the face of the complaint that defendants are the duly constituted board of road commissioners of Lovelady Township under the provisions of chapter 426, Public-Local Laws of 1915, and that the court will take judicial notice of the fact that under the provisions of said act the sole and exclusive remedy of the plaintiff, if any, is that prescribed by section 4 of said act, and that this action cannot be maintained by plaintiff."

The following judgment was rendered by the court below:

"This cause coming on to be heard upon the demurrer *ore tenus* of the defendant to the complaint on the grounds that the complaint does not set out facts sufficient to constitute a cause of action against the defendant; after hearing argument the court is of opinion that the complaint does set out facts sufficient to constitute action against defendants, and overrules demurrer, and defendants except, and this is defendant's exception No. 1. The defendants then move the court to dismiss the action for that the proper method prescribed by the statute has not been followed. Motion overruled. Defendants except, and this is defendants' exception No. 2. Defendants individually move to dismiss the action as to them individually, on the ground that there is no *cause* of action set up in the complaint against them as individuals. Motion is overruled and defendants as individuals except, and this is defendants' exception No. 3."

All the defendants duly assigned error upon the exceptions and appealed to the Supreme Court.

*Spainhour & Mull for plaintiff.*
*Avery & Ervin for defendants.*

CLARKSON, J. The learned counsel for plaintiff, no doubt advertent to the decisions of this Court, drew his complaint to be sure of one cause of action—trespass in taking "topsoil" off the land of plaintiff and putting it on the improved road. The road board of Lovelady Township, under Public-Local Laws 1915, ch. 426, part sec. 4, had the power "that the board shall in all cases, where they deem it necessary to make changes or lay out new roads, have the power of eminent domain, to take such lands as they may deem necessary for such changes or new roads, and they shall not be enjoined or stopped in such work by any landowner, but such landowner may, if he thinks himself damaged, file a claim for such damages at any time within six months from the completion of such change or new road, but not later," etc. The act further provides how claim for damages shall be paid—assessment by arbitration with right of appeal.

There is nothing in the act giving the road board of Lovelady Township the power of authority to go on plaintiff's land and take "topsoil," to put on the changed or new road. The remedy that the defendants say is sole and exclusive, given by the statute, can have no application when the statute does not authorize the taking of "topsoil."

There is a provision under "Eminent Domain," C. S., 1712, as follows: "For the purpose of constructing and operating its work and necessary appurtenances thereof, or of repairing them after they shall have been made, or of enlarging or otherwise altering them, the corporation entitled to exercise the powers of eminent domain may, at any time, enter on any adjacent lands, cut, dig, and take therefrom any wood, stone, gravel, water or earth, which may be deemed necessary: *Provided,* that they shall not, without the consent of the owner, destroy or injure any ornamental or fruit trees."

Under Public Laws 1921, chapter 2, sec. 22, large powers are given the State Highway Commission: "The State Highway Commission is vested with the power to acquire such rights of way and title to such land, gravel, gravel beds, or bars, sand, sandbeds or bars, rock, stone boulders, quarries, or quarry beds, lime, or other earth or mineral deposits or formations, and such standing timber as it may deem necessary and suitable road construction, maintenance and repair, and the necessary approaches and way through, and a sufficient amount of land surrounding and adjacent thereto, as it may determine to enable it to properly prosecute the work, either by purchase, donation or condemnation, in the manner hereinafter set out," etc. *Wade v. Highway Com.,* 188 N. C., 210. There are no such broad and explicit powers in the road act for Lovelady Township. We do not think the courts should go beyond the language of the statute.

In *Clifton v. Highway Com.,* 183 N. C., 211, it was said: "It will be observed that this act contains no such limitations as is provided in the statutes hereinbefore referred to with respect to dwellings, trees or yards. In the absence of constitutional or statutory restriction, the power of the State to appropriate private property to public use extends to every species of property within the territorial jurisdiction."

This decision was rendered on the facts that there was a building in the highway as laid out and it could be removed to build the road. This right is restricted in some statutes and if so the statute must be followed.

The plaintiff, as we construe the complaint, presents definitely a cause of action in taking the "topsoil." In the complaint he speaks "of the wrong hereinafter alleged" and definitely sets out the wrong, taking the "topsoil," and asks for fixed damages of $300. In the prayer he asks for $1,000 damages. Our practice is liberal, but we cannot put in the complaint language that the pleader has not. We can only hold on the complaint that the action is for trespass in taking the "topsoil" and that is the only action definitely alleged.

Under Roads and Highways, chapter 70, article 4, C. S., 3668, (see, also, sections 3817, 3818), right is given to township road board to take "topsoil," but the remedy is different from the Lovelady Township road law.

C. S., 3668, *supra,* is as follows: "The county road commission created by this article, or any other road commission or board, or the board of county commissioners, having charge of the road work in any county, township, or road district, or the State Highway Commission, is hereby authorized through its agents to enter upon any land in said county, to cut and carry away any timber except trees or groves on improved land planted or left for shade or ornament, dig or cause to be dug and carry away any gravel, sand, clay, dirt, or stone which may be necessary for the proper repair and construction of roads in said county, and make or cause to be made such drains or ditches upon any land adjoining or lying near any road in said county that the said commission or board may deem necessary for the better condition of the road; and the drains and ditches so made shall not be obstructed by the occupants of such land or any other person; and any person obstructing such drains and ditches shall be guilty of a misdemeanor. Before entering upon land as authorized by this section, it shall be the duty of the said commission or board, through its representatives, to serve notice upon the owner or owners of said land, notifying them that certain material authorized to be taken by this section is required for the road work."

Volume III, C. S., 3748a, applies to "road commission or other road authorities in any county," not to Lovelady Township. See C. S., chap. 70, Art. 7, and Public Laws, Ex. Session, 1920, chap. 60.

The defendant road board gave no notice under 3668, *supra,* before taking the "topsoil." C. S., 3670, says the owner "may present to the authorities" the claim. We think, taking into consideration all the statutes on the subject, the action is properly brought for "topsoil" in the Superior Court. Under the allegations in the complaint and the facts and circumstances of this case, we cannot hold the township road board individually liable. *Templeton v. Beard,* 159 N. C., 63; *Hipp v. Farrell,* 169 N. C., 551; *S. c.,* 173 N. C., 167; *Carpenter v. R. R.,* 184 N. C., 400; *Jenkins v. Griffith,* 189 N. C., 633; *Noland Co. v. Trustees,* 190 N. C., 250; *Hyder v. Henderson Co.,* 190 N. C., 663.

We think the judgment of the court below should be modified, and we hold, under the law as we construe it:

(1) That the complaint states a cause of action in trespass for the recovery of damages for "topsoil" and the Superior Court has jurisdiction.

(2) There is no sufficient allegation in the complaint to hold the road board individually liable.

For the reasons given, the judgment of the court below is

Affirmed as to board.

Reversed as to individuals.