ROSA HOLMES ET AL. v. L. J. UPTON ET AL.

(Filed 15 September, 1926.)

**Highways—Roads and Highways—Private Owners—Negligence—Highway Commissioners—Bridges—Statutes.**

*Held* in this action to recover damages for a personal injury against the highway commission of a county for negligence in failing to properly maintain a bridge across a public road, and against the owners of the land benefited by the road, that the evidence was insufficient to make the individual members of the commission liable, or the owners of the land, there being no evidence tending to show that such owners had so acted as to assume a liability, but that if any negligence had existed, it was attributable to the commissioners in their official capacity alone. C. S., 3795.

APPEAL by plaintiff from *Grady, J.,* at March Term, 1926, of CAMDEN. No error.

*Thompson & Wilson for plaintiffs.*
*Aydlett & Simpson for defendants.*

PER CURIAM. The plaintiff brought suit to recover damages for personal injury. She alleged that a bridge had been constructed over a ditch or canal in Camden County; that it was the duty of the owners of the land benefited by the drain and of the Highway Commission of Camden County to keep the bridge in repair; that they negligently failed to perform their duty in this respect, in consequence of which the bridge had become defective; and that by reason of such defect, while attempting to cross the bridge, she was thrown from a wagon and injured. The owners of the land and the highway commissioners are the defendants; and upon appropriate issues the judge instructed the jury upon all the evidence to answer the issues in favor of the defendants. Exceptions were entered, and from the judgment the plaintiff appealed.

The Legislature made the county highway commission a body corporate. Public-Local Laws, 1917, ch. 62. In her brief the plaintiff admits that no recovery can be had against the commission in its corporate capacity; and in our opinion the allegations and proof are not sufficient to warrant recovery against the individual members. *Hipp v. Farrell,* 169 N. C., 551; *Fore v. Feimster,* 171 N. C., 551; *Hipp v. Ferrell,* 173 N. C., 167; *Howland v. Asheville,* 174 N. C., 749; *Carpenter v. R. R.,* 184 N. C., 400, 406; *Lowman v. Comrs.,* 191 N. C., 147, 152.

We are also of opinion that the owners of the land are not liable under section 3795 of the Consolidated Statutes. The burden is on the plaintiff to show such liability, and it is not made to appear that the construction of the ditch or drain was subsequent to the establishment of the road. *S. v. Davis,* 143 N. C., 611. On the contrary there is evidence that the owners of the land have never had anything to do with the maintenance of the bridge; and all public roads and all bridges along or across the public roads of the county are now under the exclusive supervision and control of the county commission. There is

No error.