J. J. COLVARD v. THE BOARD OF COMMISSIONERS OF
GRAHAM COUNTY.

*Bonds, official—Officer—Sheriff—Mandamus.*

1. A former sheriff must exhibit to the board of commissioners *the receipts in full* of the proper officers, for all public funds which he received, or ought to have received during his preceding official term, before he will be permitted to re-enter upon a new term. *The Code,* §2068.

2. The fact that he was able, ready and willing at the time of tendering his bond, to make settlement and payment of any liability on account of funds so received, does not dispense with the requirement that he shall produce receipts in full.

3. A sheriff elect is not entitled to be inducted into office until he tenders the *three bonds* required by §2073 of *The Code,* notwithstanding the fact that at the beginning of his term there is a tax collector in that county.

4. If the term of the office into which the plaintiff, in mandamus, demands to be inducted, expires before final judgment, the Court can do nothing but dismiss the action.

This was a CIVIL ACTION, tried before *Gudger, Judge,* at Fall Term, 1886, of the Superior Court of GRAHAM County.

This was an action to compel the defendants, by mandamus, to induct the plaintiff into the office of sheriff of said county.

The following issues were submitted to the jury :

I. Was the plaintiff elected sheriff of Graham County, November, 1884?

II. Did the plaintiff offer bond with sufficient security to the Board of Commissioners of Graham County on the first Monday in December, 1884?

III. Was the said plaintiff ready, willing and able to settle in full for taxes heretofore due by him as sheriff with the authorities of the county, and did he offer to settle on said first Monday of December, 1884?

These issues were, by direction of the Court, found in favor of the plaintiff. The defendant objected to the second issue being submitted by the Court, on the grounds that the same was not responsive to the pleadings and the law, and asked that the following issues be submitted, to-wit:

I. Did the plaintiff present three several bonds as required by Statute, §2073 of *The Code*, and if so, were the bonds justified by the sureties thereto?

II. Did the plaintiff produce receipts in full for all the taxes due the county at or before the offer of his bond as sheriff elect?

These issues, by direction of the Court, were answered in the negative.

It was admitted that the plaintiff was former sheriff of said county for the two years next preceding his election in November, 1884, and that one W. F. Cooper was tax collector for said county for the year 1884, and was tax collector on the first Monday in December, 1884. It was further admitted by the plaintiff that he did not produce receipts in full before the board of commissioners, nor offer but the one bond described in his complaint, on the first Monday in December, 1884, on demand to be inducted into office. On the trial, the plaintiff offered himself as witness in his own behalf, and testified that he was ready and able and willing to settle and pay all the arrears of taxes due the county from him as former sheriff and tax collector for said county, and that he demanded settlement, tendered the bond as described in the complaint, and demanded to be inducted into office as sheriff of said county on the first Monday in December, 1884. And the plaintiff offered other witnesses to corroborate his own testimony. He also offered two receipts marked as exhibit "A" and "B," for the arrears of taxes due from him to said county, dated on January 5th, 1885, and rested his case.

The defendant offered several witnesses to disprove the testimony of the plaintiff, and also offered the records of a

suit in said Court by the board of county commissioners of said county against the plaintiff and his securities on his bond for the collection of the taxes for the year 1883, in which suit was claimed the sum of $1,500, and the records of a judgment in said action at Spring Term, 1885, against the defendant and his securities in that action for the costs.

On the argument of the case, the defendant's counsel moved the Court to dismiss the plaintiff's action, upon the grounds that the complaint did not state facts sufficient to constitute a cause of action; that it did not allege the offer of but the one bond as described in the complaint, and that it did not allege the production of receipts in full from the county treasurer, and others for the arrears of taxes due from the plaintiff as former sheriff and tax collector of said county, on his demand to be inducted into office.

The Court declined the motion, and the defendant excepted.

The defendant then asked the Court to instruct the jury, among other things:

"1. That if they shall find from the pleadings or the testimony, that the plaintiff only offered one bond, as set out in his complaint, that it was not a compliance with the Statute, —*The Code*, §2773,—and that it would not be the duty of defendants to induct him into office.

"2. That should they find that he offered but one bond, or the three bonds required by law, and that he had been sheriff and tax collector of said county, and failed to produce receipts in full from the county treasurer, and other persons, of all moneys by him collected, or which ought to have been collected for the use of said county, then, in that event, it would not be their duty to receive such bond or bonds and induct him into office as sheriff of said county."

These instructions the Court declined to give.

The Court further instructed the jury to find the second issue submitted by the Court from the admission in the

answer, there being no testimony other than the pleadings upon the solvency of the bond.

Upon the issues found, the defendants moved the Court for judgment.

Defendants then moved for new trial. Motion overruled; judgment for plaintiff. Appeal by defendants.

No counsel for the plaintiff.

Mr. F. H. Busbee and J. W. Cooper, for the defendants.

ASHE, J., (after stating the facts). We think there was error in the refusal of the Court to give the instructions asked by the defendant. The plaintiff offered but one bond, and did not show the receipts required by law. *The Code,* §2068, declares, that "no person shall be eligible to the office of sheriff, who theretofore has been sheriff and hath failed to settle with and fully pay up to every officer the taxes which were due from him, nor shall any Board permit such former sheriff to give bond for or enter upon the duties of the office, until he has produced before the board the *receipt in full* of every officer for such taxes."

And it is required by §2073 of *The Code,* that the sheriff shall give three bonds, such as are prescribed in the section.

The plaintiff here had not complied with the requirements of either of these sections; and it was not, therefore, the duty of the defendants to induct him into office, and it was error in the Judge to refuse to give instructions to that effect when asked.

But aside from all this, suppose there was no error, how could judgment in this case avail the plaintiff? He seeks to be inducted into office by virtue of the writ of mandamus, but what office? Why, that of sheriff for the term ending December the 4th, 1886. But that time has expired, and a new sheriff has been regularly elected for the term of two years from the 4th of December, 1886. A judgment, then,

in favor of the plaintiff could not be followed by any prac-. tical results. If he ever had a right to the remedy he invokes, he has been so unfortunate as to lose it by the *law's delay*.

· We are of the opinion for the last reason given, that the action should be dismissed, and it is so ordered.

Dismissed.