## BETTS v. RALEIGH.

(Filed October 9, 1906).

*Mandamus—Prohibition—Petition for Election.*

The provisions of ch. 233, Acts 1903, which require the election petitioned for. to be held in the same year in which the petition is filed and prohibit the holding of the election within ninety days of any city, county, or general election, effectually bar the holding of the election petitioned for in this case, as the writ of *mandamus* is never issued to compel an unlawful or prohibited act, and the fact that the petitioners were compelled to resort to legal proceedings to compel the defendants to order the election is immaterial.

ACTION for *mandamus* by the State on the relation of S. J. Betts and others, petitioners, against the city of Raleigh, pending in the Superior Court of WAKE and heard upon complaint and answer by *Judge James L. Webb,* at chambers, in the city of Raleigh on 24 September, 1906.

This was a proceeding in *mandamus* to compel the Board of Aldermen of the city of Raleigh to order an election to determine the question as to whether prohibition shall be established in said city under the provisions of the Act of the General Assembly of 1903, ch. 233. From a judgment directing the issuing of the writ, the defendant appealed.

*W. A. Montgomery* and *J. C. L. Harris* for the plaintiff.
*W. B. Snow* for the defendant.

BROWN, J. It is contended by the defendant that the form of the petition presented to the Board of Aldermen is not in compliance with the act in that it fails to designate the questions which the petitioners desire to be voted upon at the election. In the view we take of the case it is unnecessary for us to pass on that contention. The writ of *mandamus* should have been denied for the reason that it is never granted to compel an unlawful or prohibited act.

The statute is express in terms and unmistakable in meaning. The election petitioned for is required to be held in the same year in which the petition is filed. It cannot be held during the subsequent year. The statute also prohibits the holding of the election within ninety days of any city, county, or general election. These provisions of the statute are as binding upon the courts as upon any other departments of the State Government, and effectually bar the holding of the election petitioned for. The fact that the petitioners aver they were compelled to resort to legal proceedings to compel the defendants to order the election is immaterial. Had the *mandamus* proceedings been commenced much earlier, and before their final determination the obligation of defendants to perform the alleged duty required of them, or the right of the relator to exact its performance, expired by lapse of time, the relief will be denied, since courts will not grant the writ when, if granted, it would be fruitless, or require the performance of an illegal or prohibited act. High on Extraordinary Remedies, p. 20; *Mauney v. Commissioners,* 71 N. C., 486; Topping on Mandamus, p. 67.

Proceeding Dismissed.