In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK upon the Relation of FREDERICK A. WALTER and Another, for a Peremptory Writ of Mandamus, against ABRAHAM KAPLAN, WILLIAM DRENNAN and THOMAS R. KILLILEA, Composing the Municipal Civil Service Commission of the City of New York.

(Supreme Court, Kings Special Term, December, 1921.)

Civil service — eligible list — city of New York — mandamus — writ will not issue when unavailing — civil service commission has no power to revive an expired eligible list — mandamus does not relate back to time of accrual of right thereto.

Mandamus lies only when the relator has a clear legal right to the remedy and when it is within the power of the officer to whom the writ is directed to perform the required act or duty.

The rule that the writ will not issue when it would be unavailing for want of power applies although the want of power is due to the fault of the officer to whom the writ is directed.

Where there is no eligible list, the specific provisions in the rules of the state civil service commission or of a local civil service commission for temporary and provisional appointments, negative the contention that either of said commissions has power to revive an expired eligible list.

When two motions for peremptory writs of mandamus to compel the civil service commission of the city of New York to certify the names of the relators for promotion to the rank of lieutenants in the fire department were denied on September 29, 1921, and affidavits purporting to show that a certain eligible list for the position of engineer of steamer, which expired July 29, 1920, was thereafter revived and certification made therefrom, were presented upon a motion for a reargument, presumably to show that a precedent exists for the revival of an expired list. *Held,* that the issue raised by a denial of these facts, in an opposing affidavit, was of no relevancy, and the said civil service commission had no power to revive an expired eligible list.

17

Supreme Court, December, 1921.        [Vol. 117.

·   A contention that the mandamus proceedings, when instituted, related back to the time of the accrual of the right thereto, held untenable.

Application for reargument of two motions for peremptory writs of mandamus. ·

David F. Price, for relators.

John P. O'Brien, corporation counsel (Wm. B. Carswell and Joseph P. Reilly, of counsel), for respondent.

Faber, J.   Application for a reargument of two motions for peremptory writs of mandamus to compel the civil service commission to certify the names of the relators for promotion to the rank of lieutenants in the fire department.   The motions were denied on September twenty-ninth.   The facts are sufficiently stated in the memorandum then filed.   On this application affidavits are presented which purport to show that a certain eligible list for the position of engineer of steamer, which expired July 29, 1920, was thereafter revived and certification made therefrom.   Presumably the purpose of these affidavits is to show that a precedent exists for the revival of an expired list and a certification therefrom.   These facts are denied in an opposing affidavit.   But the issue thus raised is of no relevancy in the absence of power in the commission to revive an expired eligible list.   If such power exists, resting either in statutory enactment or judicial decision, it has not been called to my attention.   Moreover, the specific provisions in the rules for temporary and provisional appointments when there is no eligible list negative the contention that power exists in the commission to revive an expired list.·  State Rules, rule 8, subd. 4; Municipal Rules, rule 12, subd. 4.   With the exception of the affidavits referred to no new facts are presented on this application.

Counsel for the relators reiterates, with great earnestness and much plausibility, substantially the same arguments presented on the original motion. He contends that the right to a mandamus accrued on August first and September first, respectively; that the pendency of the *Barthelmess* case justified the delay in instituting such proceeding; and that, when instituted, the proceeding related back to the time when the right accrued and was, therefore, maintainable, although the eligible list had expired. I wish the contention were sound, for my sympathies are with the relators; but, after a careful reconsideration I am unable to change my views.

Rule 11 provides that upon notification by the appointing officer, the commission shall thereupon certify from the eligible list the three names at the head thereof. Rule 12, subdivision 4, as already stated, provides for temporary appointments in emergencies where it is not practicable to certify a person from the existing list or to conduct an examination in the absence of such a list in time to meet the emergency. These and other provisions, with the exception noted, require that appointments be made from existing eligible lists. Provisions of similar import are found in the state civil service rules. Rule 8, subds. 2, 4. In the present case, the eligible list had expired when the application for a mandamus was made. An order granting the motion would have required certification from a nonexisting, expired list. Mandamus lies only when relator has a clear legal right and when it is within the power of the officer, to whom the writ is directed, to perform the required act or duty. The writ will not issue when it would be unavailing for want of power. And the rule applies although the want of power is due to the fault of the officer to whom the writ is to be directed. Throop Pub. Off. § 823;

*People ex rel. Stevens* v. *Hayt,* 66 N. Y. 606; *Public Service Commission* v. *International Ry. Co.,* 224 id. 631; *State* v. *Archibald,* 43 Minn. 328, 332.

The contention that the mandamus proceedings, when instituted, related back to the time of the accrual of the right, is untenable. A final judgment in an action to enforce an existing right may, for certain purposes, relate back to the time of the accrual or assertion of the right; but it is a novel proposition that a lost right may be revived by an action to enforce it, upon the theory that the action must be regarded as brought of the date when the right was in existence and so legally enforcible. Counsel seemingly places an abstract right to invoke a remedy in the same category as a pending action. But he is, I think, mistaken. A pending action will preserve the right until final judgment. But a right to invoke a remedy may be lost unless asserted within some designated period. Thus a judgment protects the right from the time the action was begun although the Statute of Limitations has run in the interval; but the institution of the action after the statute has run, however excusable the delay, does not relate back and so preserve the right.

Counsel assumes a case where the commission has failed to certify for a year and has then wrongfully certified the last name on the list and immediately thereafter promulgated a new list. He asks if such a termination of said eligible list would deprive those whose names appear thereon of the right to seek justice in a court of law? It seems to me the answer is, the commission is required to certify within a reasonable time after a request is received from the appointing officer. " The commission shall thereupon certify " is the reading of the municipal rule, and " shall thereupon as soon as practicable certify " is the

wording of the state civil service rule. All persons whose names appear on an eligible list are chargeable with knowledge of these rules; and also with knowledge that a new list may not be promulgated without open competitive examination. In the case supposed, a person entitled to be certified within a reasonable time should begin proceedings for the protection of his rights within the year or before the promulgation of a new list. If he failed to do so I think his rights under the expired or superseded list would be irrevocably lost. The eligible list does not create an absolute, vested legal right, which continues for an indefinite period, but only a qualified right to be certified, with two others, as eligible for appointment. And the certification, when made, remains in force only a limited period of time and in any event does not extend *beyond the life of the eligible list.* Rule 11, subd. 5. Thus, when the eligible list expires, the quality of eligibility for appointment ceases and the potency of the certification is destroyed. Jurisdiction is then gone and any official action on the expired list is nugatory. Such was the rule at common law where a statute was repealed or expired by its own limitation. Endl. Stat. § 479. Radical changes in the former rule are now effected by the General Construction Law (§§ 93, 94). See, also, McKinney's Consol. Laws, Book 1, Report of Consolidators Statutes and Statutory Construction, §§ 181, 182. Sections 93 and 94 cited have reference to legislative repeals. Conceding that civil service rules have the force and effect of statutes, it is doubtful if these sections preserve any rights under an expired eligible list. The purpose of these sections was to prevent the injustice growing out of the common law doctrine as to the effect of a common law repeal. But eligible lists under the Civil Service Law

Surrogate's Court, New York County, December, 1921.   [Vol. 117.

are not repealed. The duration of their life is fixed by statute and they expire by operation of law at the period so fixed. And every person, having rights thereunder, is chargeable with notice that the continuance of such rights is limited by the duration of the life of the lists.

Counsel now, as well as on the argument of the original motion, relies, largely, upon the case of *People ex rel. Tierney* v. *Scannell,* 27 Misc. Rep. 662. In that case no question of an expired list was involved. The case is an authority to the effect that a valid excuse may exist for delay in instituting proceedings to enforce an existing, continuing right, but is scarcely an authority that such an excuse is also potent to resurrect an expired statute or revive a right that perished with its expiration. The motion should be denied.

Motion denied.