STATE, *ex rel.* MARION E. WALKER, Mayor, Town of Holly Hill; *et al.,* v. A. W. BEST, Clerk of the Town of Holly Hill, Volusia County.

163 So. 696.

Opinion Filed October 28, 1935.

*Louis Ossinsky,* for Petitioner;

*A. W. Best, in pro. per.,* for Respondent.

BROWN, J.—The purpose of this mandamus proceding, which was begun by filing of petition in this Court on October 19, 1935, is to compel the respondent, A. W. Best, Town Clerk of the Town of Holly Hill, Volusia County, to sign, post and publish a copy of an amendment to Section 10 of the town charter, set out in the petition, together with

a notice of the special election to be held on November 5th, 1935, which election had been called by the charter board which had been organized and acting under the provisions of Chapter 6940 of the Acts of 1915, and to take certain steps in connection with preparations for said election.

An alternative writ was granted to which said Town Clerk promptly filed a motion to quash, upon the ground that the said charter board, in attempting to amend a certain section of the town charter, had acted without lawful authority, in that said town charter had been granted by a special Act of the Legislature, being Chapter 9775 of the Acts of 1923, and that special Act could not be changed or amended by any action taken under said Chapter 6940, frequently referred to as the municipal "home rule" Act. As the amendment proposed only effected a change in the date of holding the biennial municipal election of Mayor and concilmen as fixed in Section 10 of Chapter 9775, the town charter Act, and matters incidental thereto, such as a provision that the terms of such elective officers now holding office should expire December 31, 1935, and fixing the terms of such officers as should be elected in December, 1935, and their successors, and as it appears that the proposed amendment related only to the form and method of carrying on the town government without attempting to add to the municipal powers already vested in the municipality by the special charter Act, it may well be that this ground of the motion to quash is not well taken. Section 1 of said Chapter 6940 provides that the Act shall apply to "every town and city in the State of Florida, whether incorporated by a special Act or under the general laws of the State relating to cities and towns."

But it is not necessary, nor perhaps appropriate, for us' to here determine the question above referred to, because the

answer filed by the town clerk, as well as the facts stated in the petition, show that it is now too late for the town clerk to effectively and legally carry out the commands of the alternative writ, as the election has been called for November 5, 1935, which, at this writing, (October 21, two days after writ granted and return filed) is only fifteen days off, whereas Section 11 of said Chapter 6940 provides that the clerk of the council "shall have said proposed charter or charter amendments, together with a notice of the election, published in a newspaper published in such city or town once a week for four successive weeks next preceding said election, the first publication thereof to be not less than twenty-five days prior thereto;" etc. To obtain legally effective action under Chapter 6940, its procedural requirements must be complied with.

It is well settled that the courts will not, by mandamus, command an officer to perform a futile and nugatory act; nor one which he has not the legal power to perform at the time the petition is filed or the writ granted.

It appearing that there is not, under the statute, sufficient time remaining for the publication and posting required to be done by the town clerk by Section 11 of Chapter 6940, peremptory writ will be denied and the alternative writ quashed.

It is so ordered.

WHITFIELD, C. J., and DAVIS, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.