W. L. STEELE, JR., v. LOCKE COTTON MILLS COMPANY, a CORPORATION, AND JOHN W. CLARK, W. H. BELK, SR., IRWIN BELK, W. CLARK ERWIN, THORNE CLARK, DAVID CLARK AND W. A. HANGER.

(Filed 29 March, 1950.)

**1. Corporations § 16—**

In order to be entitled to *mandamus* to compel the declaration of dividends by a corporation, plaintiff stockholder must allege that the corporation has a surplus or net profits available for the payment of such dividends at the time the action is brought and the application for the writ is made.

**2. Same—**

The directors of a corporation are under legal duty to pay the whole of the accumulated profits in dividends subject to the limitation that neither the corporation's capital stock nor its working capital may be impaired. G.S. 55-115, G.S. 55-116.

**3. Mandamus § 1—**

> *Mandamus* will not lie to redress a past legal wrong or to prevent a future legal injury, but lies solely at the instance of a person having a present legal right to demand the performance of a clear legal duty resting upon the party to be coerced by reason of his official status or by operation of law.

**4. Same—**

> The duty of the party to be coerced must exist at the time suit for *mandamus* is begun and at the time application for the writ is made, since loss of a once-existing right, even during the pendency of the action, precludes the issuance of the writ.

**5. Corporations § 16—**

> Allegation that defendant corporation, on a date specified, had undivided profits in a specified amount available for the payment of dividends, is insufficient to establish the existence of such sum on the date of the institution of the action, more than nine months after the date specified, and therefore is insufficient predicate for *mandamus* to compel the directors to declare a dividend.

**6. Pleadings § 15—**

> The rule that a pleading will be liberally construed upon demurrer and the pleader given the benefit of all facts that can be implied by fair and reasonable intendment from the facts expressly stated, cannot be invoked to supply an essential fact by inference when the facts specifically averred permit the deduction of an opposite inference.

APPEAL by defendants from *Phillips, J.,* in Chambers on 15 December, 1949, in action pending in the Superior Court of GUILFORD.

Civil action to enforce declaration and payment of dividend by business corporation.

The case made out by the complaint is summarized in the next paragraph.

The defendant, Locke Cotton Mills Company, is a business corporation organized under the laws of North Carolina, and has a board of directors consisting of the defendants, Irwin Belk, W. H. Belk, Sr., David Clark, John W. Clark, Thorne Clark, W. Clark Erwin, and W. A. Hanger. The plaintiff, W. L. Steele, Jr., is the registered holder of 24 of the 5,000 shares of preferred stock issued by the corporation. Each share of the preferred stock is of the par value of $100.00, and contains this stipulation as to dividends: "The registered holders of . . . the preferred stock . . . shall be entitled to receive, and this company shall be bound to pay a fixed annual dividend of eight per cent cumulative, to date from January 1, 1909, payable in equal installments on the first day of January and the first day of July in each year out of the net earnings of the

company and to be paid in dividends in that year before any dividends can or shall be paid upon the common stock; if in any year all of the said dividends upon . . . the preferred stock shall not be fully paid, then the amount thereof unpaid shall be and remain a charge . . . upon the net earnings of future years to be paid before any dividends can or shall be declared and paid upon the common stock." No dividends have been paid on the preferred stock since 1930. "On January 1, 1949, there were undivided profits in the defendant corporation in the sum of $81,604.22 available for the payment of dividends," but the directors did not declare any dividend on the preferred stock payable out of such accumulated profits. On 5 September, 1949, the plaintiff made demand upon the directors for the declaration and payment of dividends on the preferred stock equal to the amount of the accumulated profits on hand on 1 January, 1949. The directors refused to comply with the demand, and on 11 October, 1949, the plaintiff brought this action, praying "that the court order that a writ of *mandamus* issue commanding the individual defendants to declare as a dividend to the cumulative preferred stockholders the sum of $81,604.22."

The defendants demurred, asserting that the complaint does not state facts sufficient to constitute a cause of action against them "in that the complaint fails to allege that there are now or were at the time of the institution of this action net profits or surplus profits arising from the business of the corporate defendant from which a dividend may be declared under G.S. 55-116."

The court rendered judgment overruling the demurrer, and the defendants excepted and appealed.

*Carroll & Steele for plaintiff, appellee.*
*Hartsell & Hartsell for defendants, appellants.*

ERVIN, J. It is a basic rule of pleading that a complaint must allege every material fact necessary to sustain the right of the plaintiff to the relief which he seeks. *Potter v. Supply Co.,* 230 N.C. 1, 51 S.E. 2d 908. In consequence, we confront this primary question at the threshold of this appeal: Where a stockholder applies for a writ of *mandamus* to compel the directors of a corporation to declare and pay a dividend, must he allege in his complaint that the corporation has surplus or net profits available for the payment of such dividend at the time when the action is brought and the application for the writ is made?

The solution of this problem is to be found in the legal principles relating to the declaration and payment of corporate dividends, and governing the issuance of writs of *mandamus*.

G.S. 55-116 expressly provides that "no corporation may declare and pay dividends except from the surplus or net profits arising from its business." The method of determining what constitutes surplus or net profits available for dividends is prescribed by G.S. 55-115, which reads as follows: "The directors of every corporation created under this chapter shall, in January of each year, unless some specific time for that purpose is fixed in its charter, or by-laws, and in that case at the time so fixed, after reserving, over and above its capital stock paid in, as a working capital for the corporation, whatever sum has been fixed by the stockholders, declare a dividend among its stockholders of the whole of its accumulated profits exceeding the amount reserved, and pay it to the stockholders on demand. The corporation may, in its certificate of incorporation or by-laws, give the directors power to fix the amount to be reserved as a working capital."

These statutes establish these propositions: (1) That where the accumulated profits of a corporation have been ascertained in conformity with G.S. 55-115, a legal duty devolves upon the directors to declare a dividend among the stockholders of the whole of the accumulated profits and to pay the same to the stockholders on demand, *Amick v. Coble,* 222 N.C. 491, 23 S.E. 2d 854; *Cannon v. Mills Co.,* 195 N.C. 119, 141 S.E. 344; and (2) that neither the capital stock of a corporation, paid in and outstanding, nor its working capital, as fixed pursuant to the provisions of G.S. 55-115, may be impaired by the payment of a dividend under any circumstances. *Cannon v. Mills Co., supra.*

It is not the office of *mandamus* to redress a past legal wrong, or to prevent a future legal injury. The writ of *mandamus* is a command issuing from a court of competent jurisdiction, directed to some board, corporation, inferior court, officer, or person, requiring the performance of a particular duty therein specified, which duty results from the official station of the party to whom it is directed, or from operation of law. *Hickory v. Catawba County,* 206 N.C. 165, 173 S.E. 56; 34 Am. Jur., Mandamus, section 2; 55 C.J.S., Mandamus, sec. 1.

*Mandamus* will not lie unless the party seeking the writ has a clear legal right to the performance of the act sought to be enforced, and the party to be coerced is under a positive legal obligation to do what he is asked to be made to do. *Ingle v. Board of Elections,* 226 N.C. 454, 38 S.E. 2d 566; *Warren v. Maxwell,* 223 N.C. 604, 27 S.E. 2d 721; *Raleigh v. Public School System,* 223 N.C. 316, 26 S.E. 2d 591; *Poole v. Board of Examiners,* 221 N.C. 199, 19 S.E. 2d 635. Hence, it is well settled that a plaintiff, who seeks relief by way of *mandamus,* must show that he has a *present clear legal right* to the thing claimed, and that it is the duty of the defendant to render it to him. *Lyon v. Commissioners,* 120 N.C.

238, 26 S.E. 929; *Brown v. Turner,* 70 N.C. 93. The right of the plaintiff and the duty of the defendant must exist at the time when the application for the writ is made. *United States v. Lamont,* 155 U.S. 303, 15 S. Ct. 97, 39 L. Ed. 160; *Frankel v. Woodrough,* 7 F. 2d 796; *Christ v. Superior Court in and for City and County of San Francisco,* 211 Cal. 593, 296 P. 612; *State ex rel. Walker v. Best,* 121 Fla. 304, 163 So. 696; *Kavanaugh v. Chandler,* 255 Ky. 182, 72 S.W. 2d 1003; *Dorsey v. Ennis,* 167 Md. 444, 175 A. 192; *State ex rel. McHose v. District Court of Fourteenth Judicial District in and for Golden Valley County,* 95 Mont. 230, 26 P. 2d 345; *State ex rel. Cashman v. Carmean,* 138 Neb. 819, 295 N.W. 801; *Washington Ass'n of New Jersey v. Middleton,* 11 N. J. Misc. 277, 165 A. 423; *State ex rel. Hamilton v. Cohn,* 1 Wash. 2d 54, 95 P. 2d 38; *State v. Newby,* 169 Wisc. 208, 171 N.W. 953; *State v. Waggenson,* 140 Wis. 265, 122 N.W. 726, 133 Am. S. R. 1075. If a plaintiff loses a once-existing right to invoke the remedy of *mandamus* for any reason before the writ is granted, the writ must be denied. *State ex rel. Cary v. Cochran,* 138 Neb. 163, 292 N.W. 239; *People v. Kaplan,* 117 Misc. 257, 192 N.Y.S. 105; *State v. Miller* (Tenn.), 1 Lea 596. This is so even though the loss of the right occurs during the pendency of the action, *Betts v. Raleigh,* 142 N.C. 229, 55 S.E. 145; *Colvard v. Commissioners,* 95 N.C. 515; or is due to the fault of the party against whom the writ is sought. *People v. Kaplan, supra.*

These things being true, it is obligatory for a plaintiff, who seeks a *mandamus* to compel a defendant to perform an alleged duty, to allege in his complaint all facts necessary to show that the plaintiff has a clear legal right to the performance of the particular duty at the hands of the defendant at the time when the action is begun and the application for the writ is made.

It necessarily follows that in order to show a present clear legal right on his part to have the directors of a corporation to declare and pay a dividend on his stock, a stockholder, who sues for a *mandamus* to compel the declaration and payment of such dividend, must allege in his complaint facts disclosing that the corporation has surplus or net profits available for the payment of the dividend within the purview of G.S. 55-115 and G.S. 55-116 at the time when he brings his action and applies for the writ.

The secondary question arising on the appeal is this: Does the complaint allege that the defendant corporation had surplus or net profits available for dividends when the action was begun and the application for the writ of *mandamus* was made?

The complaint does not specifically state that the corporation had accumulated profits at that time, *i.e.,* on 11 October, 1949. It is manifest

that our present inquiry must be answered in the negative unless this essential fact can be inferred from the express averment that "on January 1, 1949, there were undivided profits in the defendant corporation in the sum of $81,604.22 available for the payment of dividends on the cumulative preferred stock."

The plaintiff earnestly insists that this inference must be made. To sustain this position, he cites this statement: "It is well established that when the existence of a person, a personal relation, or a state of things is once established by proof, the law presumes that the person, relation, or state of things continues to exist as before, until the contrary is shown, or until a different presumption is raised from the nature of the subject in question." 20 Am. Jur., Evidence, section 207. The precise scope of the rule invoked by plaintiff is perhaps more accurately delineated in *Fanelty v. Jewelers,* 230 N.C. 694, 55 S.E. 2d 493. Be this as it may, the authority cited by plaintiff is not germane to our present problem, which must be solved by the rules of pleading and not by the rules of evidence.

The common-law rule that pleadings are to be construed most strongly against the pleader has been abrogated in this State by G.S. 1-151 which expressly stipulates that "in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties." *Cole v. Wagner,* 197 N.C. 692, 150 S.E. 339, 71 A.L.R. 220.

This statutory rule of liberal construction applies where a complaint is attacked by a general demurrer asserting that it does not state facts sufficient to constitute a cause of action. *Wilson v. Chastain,* 230 N.C. 390, 53 S.E. 2d 290. In such case, the complaint is construed to aver all the facts that can be implied by fair and reasonable intendment from the facts expressly stated. *Seawell v. Cole,* 194 N.C. 546, 140 S.E. 85. But the rule of liberal construction cannot be invoked to read into the complaint an essential fact which has been omitted from it by the pleader. *Lowman v. Comrs. of Lovelady,* 191 N.C. 147, 131 S.E. 277.

The law has devised a practical test for determining what inferences fairly and reasonably follow from facts expressly stated in a pleading. It is simply this: A fact essential to a cause of action is not alleged when it is only to be inferred as a conclusion from other facts specifically averred, which are not inconsistent with the opposite conclusion. *West v. Spratling,* 204 Ala. 478, 86 So. 32; *Coolbough v. Roemer,* 30 Minn. 424, 15 N.W. 869; *Jacobs v. Monaton Realty Ins. Corp.,* 212 N.Y. 48, 105 N.E. 968; *Maylender v. Fulton County Gas & Electric Co.,* 131 Misc. 514, 227 N.Y.S. 209; *Cohn-Hall-Marx Co. v. Gutman,* 185 N.Y.S. 182; *Belmont v. New York,* 191 App. Div. 717, 182 N.Y.S. 173.

Corporate surpluses, like riches, have wings. They are here today, and gone tomorrow. The presence of such a surplus on a particular occasion is not inconsistent with its absence nine months later. Hence, the fact that a corporation has accumulated profits on hand on 11 October, 1949, cannot be fairly and reasonably inferred from the specific averment that it possessed such profits on 1 January, 1949.

For the reasons given, the judgment overruling the demurrer must be Reversed.