STATE *ex rel.* L. D. ARCHER, *et al.*

*v.*

THE COUNTY COURT OF WIRT COUNTY, *a corporation, et al.*

(No. 12473)

Submitted October 5, 1965.    Decided November 9, 1965.

BROWNING, JUDGE, not participating.

L. D. ARCHER, for relators.

*Robert B. Black,* for respondents.

HAYMOND, JUDGE:

This is an original proceeding in mandamus instituted in this Court in May 1965, in which the petitioners, L. D. Archer and Olive H. Smith, Commissioners of Accounts of Wirt County, seek a writ to require the defendants, the County Court of Wirt County, E. W. Allman, Hubert Full and Donald Lockhart, Commissioners of the county court, to refer the estates of certain decedents to the petitioners instead of to Robert B. Black, a commissioner of accounts of Wirt County, and to refer all such estates in rotation to

the commissioners of accounts of Wirt County, as provided in Section 1, Article 2, Chapter 44, Code, 1931, as amended. The clerk of the county court of Wirt County, Lella Ingram, and Robert B. Black, a commissioner of accounts, are also named as defendants.

Upon the petition this Court on May 31, 1965, issued a rule returnable September 1, 1965, at which time, by agreement of the parties and by leave of this Court, this proceeding was continued until October 5, 1965. At that time it was submitted for decision upon the petition and its exhibits, the demurrer and the answer of the defendants, the demurrer and the reply of the petitioners to the answer, the reply of the petitioners to the demurrer of the defendants, the depositions in behalf of the petitioners, and the written briefs of the attorneys in behalf of the respective parties.

On November 20, 1950, the petitioner L. D. Archer was appointed a commissioner of accounts of Wirt County by the county court of that county and on May 12, 1964, the petitioner Olive H. Smith was likewise appointed a commissioner of accounts of that county by the county court. Each of these commissioners of accounts occupied that position from the respective appointment dates until June 21, 1965 when, by order entered of record in the office of the clerk of the county court of Wirt County, they were removed and discharged as commissioners of accounts.

The defendant Robert B. Black was appointed a commissioner of accounts of Wirt County by the county court of that county on February 17, 1964. At that time Louis Reed, who had been appointed a commissioner of accounts on February 21, 1955, announced that he was retiring from the practice of law and requested the county court to refer no new estates to him and to transfer certain estates previously referred to him to Robert B. Black. Though Reed is inactive he has continued to hold the position of commissioner of accounts. At the time of the institution of this proceeding in May 1965, there were, including the petitioners, four commissioners of accounts of Wirt County, one of which, Louis Reed, was inactive.

The petitioners complain and allege that contrary to the provisions of the statute, Section 1, Article 2, Chapter 44, Code, 1931, as amended, the defendants, the County Court of Wirt County and its clerk, Lella Ingram, referred all of twenty six current estates, except one estate to the petitioner Olive H. Smith, to the defendant Robert B. Black, instead of referring them in rotation to him and the petitioners.

The statute, Section 1, Article 2, Chapter 44, Code, 1931, as amended, to the extent here pertinent, provides that upon the qualification of any personal representative, the estate of his decedent shall, by order of the county court, be referred to a commissioner of accounts, and that in counties where there are two or more such commissioners such estates shall be referred to such commissioners in rotation, in order that, so far as possible, there may be an equal division of the work. Section 1, Article 3 of the same chapter of the Code, provides, with certain exceptions not here pertinent, that the county court, or the separate police and fiscal tribunal of each county, shall appoint not more than four commissioners of accounts. It does not prescribe any definite term of office or any qualification for a person appointed as a commissioner of accounts. Section 2 of the same article contains the provision that commissioners of accounts shall also be conservators of the peace. Section 3 of the same article provides that when from any cause none of the commissioners of accounts can act as to any matter which may be passed on under the provisions of the statute, the county court or other tribunal may appoint some other person to act as to such matter who shall have the power and compensation and perform the duties of a commissioner of accounts and that when any commissioner of accounts resigns, or is removed, the court or tribunal may provide for the completion of the matters previously referred to such commissioner. Section 4 of the same article specifies certain matters which will disqualify commissioners of accounts from acting with respect to subjects which may be referred to a commissioner of accounts.

The petitioners who assert that they are not disqualified in any way to act as commissioners of accounts in connec-

tion with any of the above twenty six estates and who held the position of commissioners of accounts when this proceeding was instituted contend that the provisions of Section 1, Article 2, Chapter 44, Code, 1931, as amended, providing for reference by rotation of the estates of decedents, are mandatory and that they are entitled to a writ in this proceeding to require the defendant county court and its clerk to comply with that requirement of the statute.

On the contrary the defendants contend that the rotation provision of the statute is not mandatory but merely directory and that inasmuch as the petitioners have been removed and discharged from the position of commissioners of accounts they are not entitled to relief in this proceeding. In that respect they assert that mandamus does not lie to compel the performance of an illegal or futile act or thing.

Though it appears from the record that the petitioners were removed and discharged as commissioners of accounts after the institution of this proceeding, that action by the defendant county court, though depriving the petitioners of their status as commissioners of accounts, does not operate to abate this proceeding. There is authority for the proposition that when a proceeding in mandamus is instituted for the public benefit and to enforce a public duty, as here, it does not abate by the termination of the official term of the relator. 55 C. J. S., Mandamus, Section 37. In *Kirstowsky* v. *Superior Court of Sonoma County*, 143 Cal. App. 2d 745, 300 P. 2d 163, the District Court of Appeal, Third California District, said: "As a general proposition courts will not issue a writ of mandate to enforce an abstract right of no practical benefit to petitioner, or where to issue the writ would be useless, unenforceable or unavailing. *Terry* v. *Civil Service Commission*, 108 Cal. App. 2d 861, 872, 240 P. 2d 691. However, where the problem presented and the principle involved is of great public interest, the courts have deemed it appropriate to entertain the proceedings rather than to dismiss the same as being moot. *Rattray* v. *Scudder*, 67 Cal. App. 2d 123, 153 P. 2d 433."

Though the instant proceeding, which was instituted to enforce a public duty and for the benefit of the public, has

not abated by reason of the removal of the petitioners as commissioners of accounts by the county court, the surprising and apparently uncalled for action of the county court in making such removal has changed the status of the petitioners and has operated to prevent this Court from deciding the questions which the petitioners, as long as their status as commissioners of accounts continued, were entitled to present and to have decided in this proceeding.

A commissioner of accounts is a county officer. *Riley* v. *The Board of Commissioners of the County of Ohio*, 125 W. Va. 545, 25 S. E. 2d 497. Section 8, Article 6, Chapter 6, Code, 1931, provides that the court, board, body or officer authorized by law to appoint any person to any county, magisterial district, independent school district, or municipal office, the term or tenure of which is not fixed by law, may remove any person appointed to any such office by such court, board, body or officer, with or without cause whenever such removal shall be deemed to be for the good of the public service and such removal from such office shall be final. Under the foregoing statute the defendant, the County Court of Wirt County, had the power to remove the petitioners from the county office of commissioners of accounts for which no specific term or tenure is fixed by law. See *Barbor* v. *County Court of Mercer County*, 85 W. Va. 359, 101 S. E. 721.

Even without the foregoing statute the defendant, the County Court of Wirt County, having the power to appoint commissioners of accounts of that county, for which no definite term or tenure is fixed by law, as an incident to its power of appointment, has the power to remove a person so appointed in the absence of any constitutional or statutory limitation or restriction of such power of removal. In 67 C. J. S., Officers, Section 59b (2), the text contains this language: "As a general rule, in the absence of any limiting provision of a constitution or statute, the power of appointment carries with it, as an incident, the power to remove, where no definite term of office is fixed by law." In the opinion in *Town of Davis* v. *Filler*, 47 W. Va. 413, 35 S. E. 6, this Court, discussing the power of an appointing author-

ity to remove its appointee, said: "* * * but, if the power of removal were not given by the Code, it would exist, because the power to appoint carries with it as an incident the power to remove, in the absence of constitutional or statutory restraint of such power. It is called by the United States Supreme Court, as it is, 'a sound and necessary rule.' *Hennen's Cases*, 13 Pet. 230, 10 L. Ed. 138. Much authority sustains it. Mechem, Pub. Off. § 445. 'Where the power of appointment is conferred in general terms, without restriction, the power of removal in the discretion and at the will of the appointing power is implied, and always exists, unless restrained and limited by some provision of law.' *Trainor* v. *Board,* (Mich). 15 L. R. A. 95, note (s. c. 50 N. W. 809)."

As a result of their removal as commissioners of accounts the petitioners have been deprived of their legal right to the relief sought and in consequence the writ of mandamus for which they pray must be refused. In *Steele* v. *Locke Cotton Mills Company,* 231 N. C. 636, 58 S. E. 2d 620, a case in which the court discussed the effect of the loss of a once existing right of a petitioner to invoke the remedy of mandamus, the Supreme Court of North Carolina said: "If a plaintiff loses a once-existing right to invoke the remedy of mandamus for any reason before the writ is granted, the writ must be denied. *State ex rel. Cary* v. *Cochran,* 138 Neb. 163, 292 N. W. 239; *People ex rel. Walter* v. *Kaplan,* 117 Misc. 257, 192 N. Y. S. 105; *State* v. *Miller,* 69 Tenn. 596. This is so even though the loss of the right occurs during the pendency of the action, *Betts* v. *Raleigh,* 142 N. C. 229, 55 S. E. 145; *Colvard* v. *Board of Commissioners,* 95 N. C. 515; or is due to the fault of the party against whom the writ is sought. *People ex rel. Walter* v. *Kaplan,* supra."

Though mandamus is the proper remedy to require a county court to perform a ministerial duty imposed by statute, the right of a petitioner to invoke the remedy of mandamus may be lost by reason of action taken by the party against whom the writ is sought when such action occurs before the writ is granted. Furthermore it is well

settled by many decisions of this Court that a writ of mandamus will not be issued in any case when it is unnecessary or when, if used, it would prove unavailing, fruitless or nugatory. Point 6, syllabus, *Delardas* v. *Morgantown Water Commission*, 148 W. Va. 776, 137 S. E. 2d 426, and the many cases cited in the opinion in that case.

The action of the county court in removing the petitioners as commissioners of accounts has defeated their right, which existed when this proceeding was instituted, to have the questions involved determined by this Court. It is evident that the removal was designed and executed for that specific purpose. This Court frowns upon and emphatically disapproves such action by the county court. Though in that situation this Court will not decide the questions involved, it will, as did the California District Court of Appeal, in a somewhat similar instance, in *Kirstowsky* v. *Superior Court of Sonoma County*, 143 Cal. App. 2d 745, 300 P. 2d 163, consider and discuss such questions in order that the defendant county court may be made aware of its mandatory duty under the provisions of Section 1, Article 2, Chapter 44, Code, 1931, as amended.

The statute in question provides that in counties where there are two or more commissioners of accounts the estates of decedents shall be referred to such commissioners in rotation, in order that, so far as possible, there may be an equal division of the work. This statute is clear and free from ambiguity. That being so it will not be construed but will be enforced by the court. The meaning of the statute is clear. By it the Legislature intended, by using the word "shall", that estates of decedents should be referred to commissioners of accounts in rotation for the express purpose of accomplishing an equal division of the work. The statute which imposes the specific duty just stated is mandatory in character and that duty should be performed by the county court in any county where there are two or more commissioners of accounts.

In the opinion in *State ex rel. Thompson* v. *Fry*, 137 W. Va. 321, 71 S. E. 2d 449, this Court adopted these pertinent quotations from *Baer* v. *Gore*, 79 W. Va. 50, 90 S. E. 530,

L. R. A. 1917B, 723, and *State ex rel. Boone County Coal Corporation* v. *Davis,* 133 W. Va. 540, 56 S. E. 2d 907: "Generally 'shall', when used in constitutions and statutes, leaves no way open for the substitution of discretion. * * *. The rule that the word 'shall' should be construed as mandatory has appropriate application when the provision of the statute relates to the essence of the thing to be done, or to matters of substance." Under the provisions of Section 1, Article 2, Chapter 44, Code, 1931, as amended, it is the plain and mandatory duty of the county court, when there are two or more commissioners of accounts in the county, to refer the estates of decedents to such commissioners in rotation, unless in any particular instance a commissioner is for some reason disqualified from executing the reference, or is inactive, or declines to accept such reference, or consents that the estate may be referred to some other commissioner.

For the reasons stated the writ of mandamus prayed for by the petitioners must be and it is denied.

*Writer denied.*