355 S.E.2d 365

**Alan COX and Alan Davis**

v.

**The BOARD OF EDUCATION OF the COUNTY OF HAMPSHIRE, etc., et al.**

**No. 16877.**

Supreme Court of Appeals
of West Virginia.

Submitted Sept. 24, 1986.
Decided March 18, 1987.

**578**

John Everett Roush, Legal Services, West Virginia School Service Personnel Association, Charleston, for appellant.

Donald Cookman, Pros. Atty., Romney, for appellee.

PER CURIAM:

The appellants, Alan Cox and Alan Davis, bring this appeal to challenge a final order of the Circuit Court of Hampshire County, dated November 7, 1984, which denied their petition for a writ of mandamus. The appellants sought to compel the Hampshire County Board of Education to appoint one of them to fill a vacant position within the county school system pursuant to certain decisions of the State Superintendent of Schools. We conclude that the appellants have shown no clear legal right to the relief requested, and we affirm the judgment of the circuit court.

The facts giving rise to this appeal are essentially undisputed. In September 1982, notice of a vacancy in the position of Assistant Transportation Director for the Hampshire County schools was posted by the county superintendent. Fifty-one persons applied for the position, including the appellants. Appellant Cox was an electrician who had been employed by the Board for twelve years and held the position of Assistant Maintenance Director. Appellant Davis was a school bus driver who had been employed by the Board for four years.

On October 20, 1982, the Board voted to hire James Cheshire to fill the vacant position. Prior to that date, Mr. Cheshire had not been employed by the Board in any capacity.

On October 27, 1982, appellant Cox filed a grievance alleging that the Board's decision to hire Mr. Cheshire violated the provisions of W.Va.Code § 18A-4-8b [1982] and county policy granting seniority rights to school service personnel.[1] Appellant Davis filed a similar grievance the following day. The two grievances were consolidated and, after a hearing, were denied by the Board. The Board concluded that the position in question was not a "service personnel" position but, rather, a "professional personnel" position, to which the appellants had no right of preference under the statute.

In January 1983, the appellants appealed to the State Superintendent of Schools, Dr. Roy Truby. In his decision dated February

---

1. W.Va.Code § 18A-4-8b [1982] provided, in pertinent part:

(a) A county board of education shall make decisions affecting promotion and filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight, article four of this chapter, on the basis of seniority, qualifications and evaluation of past service in the following order:

(1) Regularly employed service personnel.
(2) Service personnel whose employment has been discontinued in accordance with this section.
(3) Substitute service personnel.
(4) New service personnel.

\* \* \* \* \* \*

The provisions of the county policy relied upon by the appellants do not appear in the record before this Court.

28, 1983, Dr. Truby concluded that the Board had erred in finding that the Assistant Transportation Director was not a service personnel position. By letter dated March 21, 1983, Dr. Truby advised the Board to have Mr. Cheshire vacate the position immediately and to appoint the more senior of the appellants to that position.[2]

The Board subsequently filed a motion for reconsideration with the State Superintendent admitting that the seniority provisions of W.Va.Code § 18A-4-8b controlled the filling of the vacant position, but asserting that the requirements of the statute had been met because Mr. Cheshire was more qualified to fill the position than either of the appellants. The State Superintendent rejected this motion and affirmed his prior ruling on the ground that the Board had not presented any evidence to show the superior qualifications of Mr. Cheshire.

In response to this ruling, the Board filed a petition for a writ of certiorari in the Circuit Court of Hampshire County. By order dated August 25, 1983, the court ordered the case remanded for further hearings on the issue of the qualifications of the respective applicants for the position in question. Before any hearings were held, however, Mr. Cheshire resigned as Assistant Transportation Director. On October 19, 1983, the Board appointed Donald Swiger, then principal of Hampshire High School, as Assistant Superintendent of Schools and assigned to that position the duties of the Assistant Transportation Director.

On January 31, 1984, the appellants petitioned the circuit court for a writ of mandamus to compel the Board to abide by the rulings of the State Superintendent. The court found, however, that the Board's abolition of the position in question and the actions of the parties had nullified the State Superintendent's rulings. The court further found that the Board had satisfied the requirements of W.Va.Code § 18A-4-

8b because Mr. Cheshire was clearly more qualified for the position than either of the appellants. By order entered November 7, 1984, the court dismissed the appellants' petition and denied the relief prayed for. It is from this order that the appellants prosecute this appeal.

■  Although this case is before us on appeal from the judgment of the circuit court, the correctness of the lower court's ruling is tested by the same principles which would have been applicable if the appellants had invoked the original jurisdiction of this Court. *State ex rel. Canterbury v. County Court*, 151 W.Va. 1013, 158 S.E.2d 151 (1967). Entitlement to the extraordinary remedy of mandamus is governed by the following well-settled principle:

> "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a clear legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy."

Syllabus point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). *See also State ex rel. Capitol Business Equipment, Inc. v. Gates*, 155 W.Va. 64, 180 S.E.2d 865 (1971); *State ex rel. Nelson v. Ritchie*, 154 W.Va. 644, 177 S.E.2d 791 (1970).

The appellants premise their clear legal right to the relief prayed for on the State Superintendent's ruling that one of them was entitled to be appointed to the position of Assistant Transportation Director under W.Va.Code § 18A-4-8b. They assert that the Board had a duty to abide by this ruling and that the circuit court therefore erred in reviewing the merits of the State Superintendent's decision and finding that the Board had complied with the requirements of the statute.

---

**2.** By decision dated June 9, 1983, Dr. Truby found that appellant Davis was entitled to priority in job placement due to his seniority in the same classification as the position in question.

There is no indication in the record that appellant Cox disputes this ruling. We are, therefore, at a loss to explain why he remains a party to these proceedings.

Assuming for the moment that the appellants are correct in their assertions, we fail to see how they have demonstrated their entitlement to a writ of mandamus to compel the Board to appoint one of them to the position of Assistant Transportation Director. That position has been abolished and its duties reassigned to the Assistant Superintendent of Schools, a "professional personnel" position within the meaning of W.Va.Code § 18A–1–1 (1984 Replacement Vol.).[3] The seniority rights asserted by the appellants under W.Va.Code § 18A–4–8b [1982] and relied upon by the State Superintendent extend only to service personnel positions [4] and vest no right in the appellants to preferential consideration for professional personnel positions.[5]

"A writ of mandamus will not be issued in any case when it is unnecessary or where, if used, it would prove unavailing, fruitless or nugatory." Syllabus point 6, *Delardas v. Morgantown Water Com-*

*mission,* 148 W.Va. 776, 137 S.E.2d 426 (1964).

"If a plaintiff loses a once-existing right to invoke the remedy of mandamus for any reason before the writ is granted, the writ must be denied. *State ex rel. Cary v. Cochran,* 138 Neb. 163, 292 N.W. 239; *People ex rel. Walter v. Kaplan,* 117 Misc. 257, 192 N.Y.S. 105; *State v. Miller,* 69 Tenn. 596. This is so even though the loss of the right occurs during the pendency of the action, *Betts v. Raleigh,* 142 N.C. 229, 55 S.E. 145; *Colvard v. Board of Commissioners,* 95 N.C. 515; or is due to the fault of the party against whom the writ is sought. *People ex rel. Walter v. Kaplan,* supra."

*State ex rel. Archer v. County Court,* 150 W.Va. 260, 265, 144 S.E.2d 791, 795 (1965), *quoting from Steele v. Locke Cotton Mills Co.,* 231 N.C. 636, 640, 58 S.E.2d 620, 624 (1950). *See also Perry v. Barker,* 169 W.Va. 531, 289 S.E.2d 423 (1982). According-

---

3. W.Va.Code § 18A–1–1 provides, in pertinent part:

(b) "Professional personnel" shall mean persons who meet the certification and/or licensing requirements of the State, and shall include the professional educator and other professional employees.

(c) "Professional educator" shall be synonymous with and shall have the same meaning as "teacher" as defined in section one [§ 18–1–1], article one, chapter eighteen of this Code. Professional educators shall be classified as:

\* · \* \* \* \* \*

(4) "Central office administrator": The superintendent, associate superintendent, assistant superintendent, and other professional educators, whether by these or other appropriate titles, who are charged with the administering and supervising of the whole or some assigned part of the total program of the county-wide school system.

\* \* \* \* \* \*

4. W.Va.Code § 18A–1–1(e) defines "service personnel" as "those who serve the school or schools as a whole, in a nonprofessional capacity, including such areas as secretarial, custodial, maintenance, transportation, school lunch, and as aides."

5. The same result is mandated under the current statute, W.Va.Code § 18A–4–8b (1984 Replacement Vol.), which provides, in pertinent part:

(b) A county board of education shall make decisions affecting promotion and filling of *any service personnel positions* of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight [§ 18A–4–8], article four of this chapter, on the basis of seniority, qualifications and evaluation of past service.

Qualifications shall mean that the applicant holds a classification title in his category of employment as provided in this section and must be given first opportunity for promotion and filling vacancies. Other employees then must be considered and shall qualify by meeting the definition of the job title as defined in section eight [§ 18A–4–8], article four of this section, that relates to the promotion or vacancy. If the employee so requests, the board must show valid cause why an employee with the most seniority is not promoted or employed in the position for which he applies. Applicants shall be considered in the following order:

(1) Regularly employed service personnel;
(2) Service personnel whose employment has been discontinued in accordance with this · section;
(3) Professional personnel who held temporary service personnel jobs or positions prior to the ninth day of June, one thousand nine hundred eighty-two, and who apply only for such temporary jobs or positions;
(4) Substitute service personnel; and
(5) New service personnel. (Emphasis added) ·

ingly, it appears neither of the appellants has any clear right at this time to appointment to any position.

The appellants contend, however, that the Board did not actually abolish the position of Assistant Transportation Director, but merely reassigned the duties of that position to a newly-hired professional employee as a means of avoiding the requirements of W.Va.Code § 18A–4–8b. In essence, the appellants argue that the Board acted arbitrarily and with ulterior motives and seek reestablishment of the position of Assistant Transportation Director.

■ We find no merit in this argument. County boards of education have the responsibility for managing any system established for the transportation of children to the schools. See W.Va.Code § 18–5–13(6) (1986 Cum.Supp.). Implicit in this requirement is the obligation to supervise the system in a responsible and efficient manner. It is, after all, the welfare of the children which is protected.[6] We believe it is within the discretion of the county board of education to place this responsibility with a professional employee who is, presumably, more acquainted with the administrative and managerial skills necessary to the operation of an efficient transportation system.

Moreover, it appears that the reassignment of duties was necessary to bring the county within W.Va.Code § 18–9A–5 [1981], which provides a state aid allowance for no more than 34 service personnel per one thousand students. The Board asserts that in the fall of 1983, the Hampshire County School System had eight more school service personnel positions than were allocated under the state aid formula. By assigning the duties of the Assistant Director of Transportation, the last service personnel position created, to the Assistant Superintendent the Board could eliminate one of the nonfunded positions. In June 1984, the Board hoped to transfer the duties of the retiring Director of Transportation to an Assistant Superintendent as well, thereby eliminating an additional unfunded position.

■ " 'Mandamus does not lie to control a board of education in the exercise of its discretion, in the absence of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of law upon the part of such board.' Point 1 Syllabus, State ex rel. Payne v. Board of Education of Jefferson County, 135 W.Va. 349 [63 S.E.2d 579 (1951) ]." Syllabus point 5, State ex rel. Withers v. Board of Education, 153 W.Va. 867, 172 S.E.2d 796 (1970). We find no evidence of any misconduct on the part of the Board which would warrant such a finding.

■ Finally, we find no reversible error in the circuit court's finding that Mr. Cheshire was more clearly qualified than either of the appellants by virtue of his prior experience as director of a transportation terminal, a position which required supervision of maintenance, safety programs and personnel. After reviewing the record, we cannot say that the circuit court's findings were contrary to the preponderance of the evidence or clearly wrong. Accordingly, we find no grounds for interfering with the lower court's judgment. See State ex rel. Ash v. Marshall, 171 W.Va. 742, 301 S.E.2d 832 (1983); Central Realty Co. v. Martin, 126 W.Va. 915, 30 S.E.2d 720 (1944).

For the reasons stated herein, we find no reversible error in the lower court's denial

6.    "School buses owned and operated by county boards of education are, in a great measure at least, maintained and operated in order to protect the health, safety and welfare of the students who are transported thereon. Numerous statutes and traffic regulations are designed to afford a special degree of safety to children transported on public school buses. The buses protect the children from all sorts of inclement weather, including rain, snow and sleet. By the system of bus transportation maintained by county boards of edu-cation, children are protected, in a great measure, from many of the dangers incidents, in this day, to travel on public streets, sidewalks and highways arising from vehicular traffic hazards and from molestation, personnel violence, kidnapping or other harm of a criminal character.
State ex rel. Hughes v. Board of Education, 154 W.Va. 107, 118–119, 174 S.E.2d 711, 718 (1970), cert. denied 403 U.S. 944, 91 S.Ct. 2274, 29 L.Ed.2d 854 (1971).

of the appellants' petition for a writ of mandamus. Accordingly, we affirm the judgment of the Circuit Court of Hampshire County.

Affirmed.