**Frank M. DALTON, Jr.,
Plaintiff–Appellee,**

v.

**MERCER COUNTY BOARD OF EDU-
CATION, Defendant–Appellant.**

No. 88–3972.

United States Court of Appeals,
Fourth Circuit.

Argued March 6, 1989.

Decided Oct. 16, 1989.

Kathryn Reed Bayless (Bayless, Wills & Archer, Princeton, W.Va., on brief) for defendant-appellant.

John E. Lutz (Dodson, Riccardi & Lutz, Charleston, W.Va., on brief) for plaintiff-appellee.

Before WIDENER and WILKINSON, Circuit Judges, and DOUMAR, District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

Frank M. Dalton Jr. instituted this action alleging that the Mercer County Board of Education (Board) violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et seq. and the West Virginia Human Rights Act[1] in not hiring him for a position of Director of Transportation due to his age. Judgment for Dalton was entered on a jury verdict in his favor. The Board appeals arguing that the district court erred in not granting it a judgment notwithstanding the verdict because of the provisions of W.Va.Code § 18A–4–8b(b). It also assigns as error that the evidence was insufficient to support a finding of willful discrimination, and that the district court erred in not allowing the Board to ask certain hypothetical questions to Board personnel. We are of opinion that W.Va.Code § 18A–4–8b(b) required the Board to hire the qualified applicant with the most seniority, and we reverse. We express no opinion on the other questions raised on appeal.

On September 5, 1984 the Board posted an announcement of the opening of position of "Coordinator of Transportation."[2] Dalton was one of eleven individuals who applied for the position. The Board interviewed eight of the applicants but did not interview Dalton. Dalton had no seniority as a service employee with the Board. William Hopkins, the successful applicant, had seventeen years seniority as a service employee with the Board. Dalton was 61 when he applied for the position. Hopkins was 41 when he was hired. Dalton, alleging that age was the determining factor, instituted this action.

The Board argues that the district court erred in denying its motion for judgment

---

1. The state claims were not submitted to the jury and are not an issue in this appeal.

2. The terms "Director" and "Coordinator" of Transportation are used interchangeably by the parties.

notwithstanding the verdict in light of West Virginia's statutorily mandated seniority system.[3] The Board contends that it could not have hired Dalton because of the seniority provisions of W.Va.Code § 18A–4–8b(b) with regard to school service personnel. The controlling West Virginia statute leaves little discretion to the Board regarding the hiring and promotion of service personnel. It requires the Board to hire or promote "on the basis of seniority, qualifications, and evaluation of past service." The section goes on to define "qualifications" to "mean that the applicant holds a classification title in his category of employment as provided in this section and must be given first opportunity for promotion and filling vacancies. Other employees then must be considered and shall qualify by meeting the definition of the job title as defined in section eight, article four of this chapter." In essence, the section defines qualifications to relate to actual employment history with the Board. Hopkins, the applicant ultimately hired by the Board, had seventeen years of seniority as a service employee for the Board. Dalton had no seniority. Hopkins qualified, within the definition of the statute, as one of the "other employees" for the position by meeting the job title defined in § 18A–4–8 for "Director or coordinator of services" to direct a department or division. Hopkins also met the qualifications as posted by the Board:

> Bachelor's Degree in Business Administration plus five (5) years related business experience including Supervisory position OR three (3) years experience in an industiral (sic) or institutional administrative position related to transportation. Experience may substitute for formal education.

Hopkins met the experience portion of the posting. Given that Hopkins was qualified for the position and that he had a great deal of seniority, to comply with state law the Board was required to hire him over Dalton who had no seniority.[4]

---

**3.** W.Va.Code § 18A–4–8b(b), in relevant part, provides that:

> A county board of education shall make decisions affecting promotion and filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight [§ 18A–4–8], article four of this chapter, on the basis of seniority, qualifications and evaluation of past service.
>
> Qualifications shall mean that the applicant holds a classification title in his category of employment as provided in this section and must be given first opportunity for promotion and filling vacancies. Other employees then must be considered and shall qualify by meeting the definition of the job title as defined in section eight, article four of this chapter, that relates to the promotion or vacancy. If the employee so requests, the board must show valid cause why an employee with the most seniority is not promoted or employed in the position for which he applies. Applicants shall be considered in the following order:
>
> (1) Regularly employed service personnel;
> (2) Service personnel whose employment has been discontinued in accordance with this section;
> (3) Professional personnel who held temporary service personnel jobs or positions prior to the ninth day of June, one thousand nine hundred eighty-two, and who apply only for such temporary jobs or positions;
> (4) Substitute service personnel; and
> (5) New service personnel.

**4.** We may assume without deciding that Dalton was otherwise qualified for the position without reference to seniority.

Our view of W.Va.Code § 18A–4–8b(b) is consistent with that of the West Virginia State Superintendent of Schools. *Cox v. Bd. of Educ. of Hampshire County,* 355 S.E.2d 365, 368 (W.Va. 1987). In *Cox,* the appellants had applied to be the Assistant Transportation Director for the Hampshire County Board. The Board hired an applicant with no seniority over the appellants, deciding that the position was a professional position. The State Superintendent ruled that the position was a service position and ordered the Board to appoint the most senior appellant to the position. The court in *Cox* did not reach the issue because the board had to eliminate the position entirely for budgetary reasons.

Dalton's principal arguments center around the facts that he was not granted an interview and that one of the applicants who did not get the job had more seniority than did Hopkins. Several of the applicants had seniority of service with the Board. Hopkins was qualified for the job, and a casual inspection of the record shows that at least one of those others was apparently qualified. So the failure of the Board to interview Dalton is of no significance, for it could not have employed him anyway. The short answer to Dalton's complaint that another applicant had more seniority than did Hopkins is that the other employee is not complaining, and the fact that such other employee was not hired, for some undisclosed reason, is no evidence that Dalton was not hired because of his age.

By the ADEA's own terms, it is not a violation of the ADEA for an employer to "observe the terms of a bona fide seniority system." 29 U.S.C. § 623(f)(2). Because the Board was bound by West Virginia law to hire the qualified applicant with the most seniority, it did no more than follow the seniority system required by state statute.

The judgment of the district court is accordingly

REVERSED.